# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SanDisk Corp. | ) |
| *Plaintiff,* | ) |
| | ) |
| vs. | ) |
| | ) |
| Phison Electronics Corp., | ) |
| | ) |
| Silicon Motion Technology Corp.,  Silicon | ) |
| Motion, Inc. (Taiwan),  Silicon Motion, Inc. | ) |
| (California),  Silicon Motion International, | ) |
| Inc.,  Synergistic Sales, Inc., | ) |
| | ) |
| USBest Technology, Inc., | ) |
| | ) |
| Skymedi Corp., | ) |
| | ) |
| Zotek Electronic Co., Ltd.,  Zodata | ) |
| Technology Ltd., Infotech Logistic LLC, | ) |
| | ) |
| Power Quotient International Co., Ltd,  PQI | ) |
| Corp., | ) |
| | ) |
| PNY Technologies, Inc., | ) |
| | ) |
| Kingston Technology Co., Inc.,  Kingston | ) |
| Technology Corp.,  Payton Technology Corp., | ) |
| MemoSun, Inc., | ) |
| | ) |
| Buffalo, Inc.,  Melco Holdings, Inc.,  Buffalo | ) |
| Technology (USA) Inc., | ) |
| | ) |
| Verbatim Corp., | ) |
| | ) |
| Transcend Information Inc. (Taiwan), | ) |
| Transcend Information Inc. (California, | ) |
| U.S.A.),  Transcend Information Maryland, | ) |
| Inc., | ) |
| | ) |
| A-Data Technology Co., Ltd.,  A-Data | ) |
| Technology (USA) Co., Ltd., | ) |
| | ) |
| Apacer Technology Inc.,  Apacer Memory | ) |
| America, Inc.,  Acer, Inc., | ) |
| | ) |
| Behavior Tech Computer Corp.,  Behavior | ) |
| Tech Computer USA Corp., | ) |
| | ) |
| Dane-Elec Memory S.A.,  and  Dane-Elec | ) |
| Corp. USA, | ) |
| _____Defendants._____ | ) |

Civil Action No.: _____

07 C 0605 C

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

SanDisk Corporation, for its Complaint, avers as follows:

### PLAINTIFF SANDISK

1.      Plaintiff SanDisk is a Delaware corporation with its principal place of business in Milpitas, California.  SanDisk is in the business of designing, manufacturing and marketing a wide range of flash storage products including memory cards, USB drives and media players. These products include SanDisk's patented flash memory and controller technology.

2.      Through its focus on innovation and developing cutting-edge technological solutions to the storage needs of its customers, SanDisk has established itself as the leading company in the flash memory industry.  SanDisk is the worldwide market leader in flash memory products, including flash USB drives.

3.      SanDisk has over 800 patents relating to flash memory processes, designs, devices and storage systems.  These patents are fundamental to the success of the company and cover many key aspects of flash memory technology.

4.      SanDisk has a long-standing policy and practice of promoting the growth of the flash memory industry and the use of flash memory technology.  SanDisk has established programs to license its patented technology to companies throughout the flash memory industry.  For example, SanDisk has a program to license flash memory system companies who sell memory cards and USB drives.

5.      Through its licensing activities, SanDisk enables companies to benefit from the hundreds of millions of dollars the company has spent on research and development.  SanDisk license agreements provide licensees the right to make, use and sell products that incorporate SanDisk's patented technology.

2

6.     SanDisk license agreements serve another important purpose.  The agreements protect the company from the unauthorized exploitation of its technology.  The agreements assure that SanDisk receives a fair return on its investment in research and development.

7.     Because it has broadly licensed its technology, SanDisk receives substantial royalties for use of its patented technology.  Patent royalties represent a significant percentage of SanDisk's total revenue.  SanDisk uses these royalties to fund further research and development in flash memory technology and systems and, thus, maintain its competitive edge over its many well-funded competitors.

8.     In furtherance of the licensing program, both to protect its investment in research and development and to protect companies that enter into license agreements with SanDisk, SanDisk is taking legal action to prevent the unauthorized use of its patented technology in the United States.

## JURISDICTION AND VENUE

9.     This is an action arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1338(a).  Venue is based on 28 U.S.C. §§ 1391 and 1400(b).

## DEFENDANT CONTROLLER COMPANIES

### Phison

10.    On information and belief, defendant Phison Electronics Corp. ("Phison"), is a corporation organized under the laws of Republic of China (Taiwan), with its principal place of business in Chutung, Hsinchu, Taiwan.

11.     On information and belief, defendant Phison designs, develops, manufactures, and/or sells flash memory controllers and OEM/ODM flash USB drive, memory card and card reader products.

12.     On information and belief, defendant Phison has a website which advertises Phison's controllers for use in flash memory products, including flash USB drives and CompactFlash® and MMC memory cards, and as an embedded solution in flash media players. *See* http://www.phison.com/English/ProductList_Controller.asp?SortID=1%20&SortPath=0,1; http://www.phison.com/English/ProductViewEmbedded.asp.

13.     On information and belief, Phison flash memory controllers include at least the following: PS2134, PS2135, PS2136, PS2143, PS2151, PS2153, PS2230, PS2231, U20TW, and UP8-Y for flash USB drives; PS3002 and PS3006 for CF memory cards; PS3102 for solid state disks; PS2134DM for card readers; and PS8005 and PS8003 for MMC cards.

14.     On information and belief, defendant Phison also offers a series of flash drives and memory cards aimed at the ODM/OEM market including at least Pen Drives, CompactFlash® and MMC memory cards and Express cards. *See* http://www.phison.com/English/ProductList.asp?SortID=3&SortPath=0,3.

15.     On information and belief, Phison controllers are incorporated in infringing flash memory products[1] that have been sold in Wisconsin.

16.     This court has personal jurisdiction over defendant Phison.

---

[1] The term "flash memory products" as used herein collectively refers to flash drives, CompactFlash® memory cards, MMC memory cards and/or media players.

## Silicon Motion

17.     On information and belief, defendant Silicon Motion Technology Corp. ("Silicon Motion Technology"), is a corporation organized under the laws of the Cayman Islands, with its principal place of business in Jhubei City, Taiwan.

18.     On information and belief, defendant Silicon Motion, Inc. ("Silicon Motion Taiwan"), is a corporation organized under the laws of Republic of China (Taiwan), with its principal place of business in Jhubei City, Taiwan.

19.     On information and belief, defendant Silicon Motion Taiwan is a wholly-owned subsidiary of Silicon Motion Technology.

20.     On information and belief, defendant Silicon Motion, Inc. ("Silicon Motion California"), is a corporation organized under the laws of the State of California, with its principal place of business in Milpitas, California.

21.     On information and belief, defendant Silicon Motion California is a wholly-owned subsidiary of Silicon Motion Taiwan.

22.     On information and belief, defendant Silicon Motion International, Inc. ("Silicon Motion International") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Milpitas, California.

23.     On the information and belief, defendant Silicon Motion International is a wholly-owned subsidiary of Silicon Motion California.

24.     On information and belief, defendant Synergistic Sales, Inc. ("Synergistic Sales") is a corporation organized under the laws of the State of Illinois, with its principal place of business Glendale Heights, Illinois.

5

25.     On information and belief, defendant Synergistic Sales has a branch office in Waukesha, Wisconsin.

26.     On information and belief, defendant Synergistic Sales is a distributor of Silicon Motion products in Wisconsin.

27.     On information and belief, defendants Silicon Motion Technology, Silicon Motion Taiwan, Silicon Motion California, and Silicon Motion International (collectively, "Silicon Motion") design, develop, manufacture, and/or sell controllers for flash memory products, including flash USB drives, CompactFlash® and MMC memory cards and media players.

28.     On information and belief, defendant Silicon Motion Taiwan has a website which advertises Silicon Motion's controllers for use in flash memory products, including flash USB drives, CompactFlash® and MMC memory cards, and media players. *See* http://www.siliconmotion.com.tw/en/en2/products_sm321E.html;

http://www.siliconmotion.com.tw/en/en2/products_sm324.html;

http://www.siliconmotion.com.tw/en/en2/products_FMCC.html;

http://www.siliconmotion.com.tw/en/en2/products_sm339.html;

http://www.siliconmotion.com.tw/en/en2/products_sm340.html;

http://www.siliconmotion.com.tw/en/en2/products_sm341.html

http://www.siliconmotion.com.tw/en/en2/products_sm350.html;

http://www.siliconmotion.com.tw/en/en2/products_sm351.html.

29.     On information and belief, Silicon Motion controllers include at least the following: SM321, SM321E, SM323, SM324, and SM330 USB drive controllers; SM221, SM222, and SM223 CompactFlash® card controllers; SM261A, SM263, SM265, and SM267 MMC card

controllers; SM331 and SM333 card reader controllers; and SM339, SM340, SM341, SM350, and SM351 MP3 controllers.

30.     On information and belief, the Silicon Motion Taiwan website, http://www.siliconmotion.com.tw/en/, directs customers to the Synergistic Sales website, http://www.synergisticsales.com.

31.     On information and belief, Synergistic sells products, including flash memory products, containing Silicon Motion controllers.

32.     On information and belief, Silicon Motion controllers are incorporated in infringing flash memory products that have been sold in Wisconsin.

33.     This court has personal jurisdiction over defendant Silicon Motion.

### USBest

34.     On information and belief, defendant USBest Technology, Inc. ("USBest"), is a corporation organized under the laws of Republic of China (Taiwan), with its principal place of business in Hsinchu, Taiwan.

35.     On information and belief, defendant USBest designs, develops, manufactures, and/or sells flash memory controllers, including UT161, UT163, UT166, UT169, and UT170 for USB 2.0 flash and hub controllers; UT310 UT314, UT330, UT335, UT360, and UT367 for USB biometric reader controllers, card reader and multifunction card reader controllers; and flash card controllers.

36.     On information and belief, defendant USBest has a webpage which advertises USBest's controllers for use in flash memory products, including flash USB drives. *See* http://www.usbest.com.tw/EN/products_kind.aspx?CategoryID=1.

37.     On information and belief, USBest controllers are incorporated in infringing flash memory products that have been sold in Wisconsin.

38.     This court has personal jurisdiction over defendant USBest.

## Skymedi

39.     On information and belief, defendant Skymedi Corp. ("Skymedi"), is a corporation organized under the laws of Republic of China (Taiwan), with its principal place of business in Hsinchu, Taiwan.

40.     On information and belief, defendant Skymedi designs, develops, manufactures, and/or sells controllers for flash memory products, including flash USB drives, memory cards, and media players.

41.     On information and belief, defendant Skymedi has a website which advertises Skymedi controllers for use in flash memory products, including flash USB drives and MMC memory cards.  *See* http://www.skymedi.com.tw/products/sk6201.htm;

http://www.skymedi.com.tw/products/sk6602.htm.

42.     On information and belief, Skymedi controllers include at least SK6201, SK6202 and SK6281 flash drive controllers; and SK6602, SK6612 and SK6802 MMC card controllers.

43.     On information and belief, Skymedi controllers are incorporated in infringing flash memory products that have been sold in Wisconsin.

44.     This court has personal jurisdiction over defendant Skymedi.

## Zotek

45.     On information and belief, defendant Zotek Electronic Co., Ltd. ("Zotek"), is a limited company organized under the laws of the Republic of China (Taiwan), with its principal place of business in Taipei City, Taiwan.

46.     On information and belief, defendant Zodata Technology Ltd. ("Zodata") is a branch office of Zotek operating in Tsuen Wan, Hong Kong and in Shenzhen, Guangdong, China.

47.     On information and belief, defendant Infotech Logistic LLC ("Infotech"), is a limited liability company organized under the laws of the State of California, with its principal place of business in Fremont, California.

48.     On information and belief, defendant Infotech does business as Supertron Memory.

49.     On information and belief, defendants Zotek, Zodata, and Infotech (collectively, "Zotek") design, develop, manufacture, and/or sell flash memory controllers, flash USB drives, and media players, under the "HUKE" brand.

50.     Amazon.com is a large, ubiquitous online store.  Products may be purchased from Amazon.com via the website, and shipped anywhere in the United States, including the Western District of Wisconsin.

51.     Controllers made under defendant Zotek's HUKE brand are incorporated in infringing flash memory products that can be, and have been, purchased from Amazon.com, and shipped to Madison, Wisconsin.

52.     This court has personal jurisdiction over defendant Zotek.

## DEFENDANT FLASH MEMORY PRODUCT COMPANIES

### PQI

53.     On information and belief, defendant Power Quotient International Co., Ltd. ("PQI Ltd.") is a limited company organized under the laws of the Republic of China (Taiwan), with its principal place of business in Chung Ho City, Taipei, Taiwan.

54.     On information and belief, defendant PQI Corp. is a corporation organized under the laws of the State of California, with its principal place of business in Fremont, California.

55.     On information and belief, defendant PQI Corp. is an affiliate of PQI Ltd.

56.     On information and belief, defendants PQI Ltd., and PQI Corp. (collectively, "PQI") design, develop, manufacture, and/or sell flash memory controllers and flash memory products, including flash USB drives, CompactFlash® and MMC memory cards and media players.

57.     On information and belief, PQI has a websitepage, http://www.pqi.com.tw/, which advertises PQI's flash memory products, including flash USB drives, CompactFlash® and MMC memory cards and media players.

58.     Frys.com is a large online store that specializes in consumer electronic products. Products may be purchased from Frys.com via the website, and shipped anywhere in the United States, including the Western District of Wisconsin.

59.     SuperMediaStore.com is a large online store that specializes in selling memory products to consumers.  According to its webpage, SuperMediaStore.com is the "#1 preferred online store to buy good media. . . ."  Products may be purchased from SuperMediaStore.com via the website, and shipped anywhere in the United States, including the Western District of Wisconsin.

60.     PQI's infringing flash memory products can be, and have been, purchased through Amazon.com, SuperMediaStores.com and Frys.com websites, and shipped to Madison, Wisconsin.

61.     This Court has personal jurisdiction over defendant PQI.

## PNY

62.     On information and belief, defendant PNY Technologies, Inc. ("PNY") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Parsippany, New Jersey.

63.     On information and belief, PNY was formerly titled and may still do business as P.N.Y. Electronics, Inc.

64.     On information and belief, defendant PNY designs, develops, manufactures, and/or sells flash memory products, including flash USB drives and CompactFlash® and MMC memory cards.

65.     On information and belief, PNY has a website, http://www2.pny.com/homepage.aspx, which advertises PNY flash USB drives and memory cards.

66.     PNY's infringing flash memory products have been sold at retail stores in the Western District of Wisconsin, including Best Buy and Radio Shack stores in Madison, Wisconsin.

67.     PNY's website, http://www2.pny.com/homepage.aspx, allows customers to purchase PNY flash memory products directly from PNY.

68.     PNY's infringing flash memory products have been purchased from the PNY webpage, and shipped by PNY to Madison, Wisconsin.

69.     PNY's website states that the PNY's flash memory products may be purchased from Amazon.com.

70.     PNY's infringing flash memory products can be, and have been, purchased through the Amazon.com website, and shipped to Madison, Wisconsin.

71.     Advertisements for PNY's flash memory products, including PNY's flash USB drives, appear in newspapers in the Western District of Wisconsin, indicating that PNY's flash memory products may be purchased at the Circuit City in Madison, Wisconsin.

72.     Advertisements for PNY's flash memory products, including PNY's flash USB drives, appear in newspapers in the Western District of Wisconsin, indicating that PNY's flash memory products may be purchased at the Best Buy in Madison, Wisconsin.

73.     This Court has personal jurisdiction over defendant PNY.

## Kingston

74.     On information and belief, defendant Kingston Technology Co., Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Fountain Valley, California.

75.     On information and belief, defendant Kingston Technology Corp. is a corporation organized under the laws of the State of California, with its principal place of business in Fountain Valley, California.

76.     On information and belief, defendant Payton Technology Corp. ("Payton"), is a corporation organized under the laws of the State of California, with its principal place of business in Fountain Valley, California.

77.     On information and belief, Payton is an affiliate of Kingston Technology Co., Inc.

78.     On information and belief, defendant MemoSun, Inc. ("MemoSun"), is a corporation organized under the laws of the State of California, with its principal place of business in Fountain Valley, California.

79.     On information and belief, MemoSun is a distributor of Kingston's products.

80.     On information and belief, defendants Kingston Technology Co., Inc., Kingston Technology Corp., Payton, and MemoSun (collectively, "Kingston") design, develop, manufacture, and/or sell flash memory products, including flash USB drives, CompactFlash® and MMC memory cards, and media players.

81.     On information and belief, Kingston has a website, http://www.kingston.com, which advertises Kingston's flash memory products.

82.     Kingston's infringing flash USB drives have been sold at retail stores in the Western District of Wisconsin, including the Circuit City in Madison, Wisconsin.

83.     Kingston's "online store," http://www.shop.kingston.com, allows customers to purchase flash memory products directly from Kingston.

84.     Kingston's infringing flash memory products have been purchased from the Kingston online store, and shipped by Kingston to Madison, Wisconsin.

85.     Kingston's webpage states that the Kingston flash memory products may be purchased through the Amazon.com website.

86.     Kingston's infringing flash memory products can be, and have been, purchased from Amazon.com, and shipped to Madison, Wisconsin.

87.     RadioShack.com is a large, ubiquitous online store.  Products may be purchased from RadioShack.com via the website, and shipped anywhere in the United States, including the Western District of Wisconsin.

88.     Kingston's infringing flash memory products can be, and have been, purchased from RadioShack.com, and shipped to Madison, Wisconsin.

89.     Advertisements for Kingston's flash memory products appear in newspapers in the Western District of Wisconsin, indicating that Kingston's flash memory products may be purchased at the Circuit City in Madison, Wisconsin.

90.     This Court has personal jurisdiction over defendant Kingston.

### Buffalo

91.     On information and belief, defendant Melco Holdings, Inc. ("Melco") is a corporation organized under the laws of Japan, with its principal place of business in Nagoya, Japan.

92.   On information and belief, defendant Buffalo, Inc. is a corporation organized under the laws of Japan, with its principal place of business in Nagoya, Japan.

93.   On information and belief, defendant Buffalo, Inc. is a wholly-owned subsidiary of Melco Holdings, Inc.

94.   On information and belief, defendant Buffalo Technology (USA) Inc., ("Buffalo USA") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Austin, Texas.

95.   On information and belief, defendant Buffalo USA is a wholly-owned subsidiary of Melco Holdings, Inc.

96.   On information and belief, defendants Melco, Buffalo, Inc., and Buffalo USA (collectively, "Buffalo") design, develop, manufacture, and/or sell flash memory products, including flash USB drives and CompactFlash® memory cards.

97.   On information and belief, Buffalo has a website, http://www.buffalotech.com/home, which advertises Buffalo's flash memory products.

98.   Buffalo's infringing flash memory products are sold at retail stores in the Western District of Wisconsin, including the Milwaukee PC in Madison, Wisconsin.

99.   Buffalo's "online store," http://www.shopatbuffalotech.com/cart/home.php, allows customers to purchase flash memory products directly from Buffalo.  Flash memory products have been purchased from the Buffalo's online store, and shipped by Buffalo to Madison, Wisconsin.

100.  This Court has personal jurisdiction over defendant Buffalo.

**Verbatim**

101.   On information and belief, defendant Verbatim Corp. ("Verbatim"), is a corporation organized under the laws of the State of California, with its principal place of business in Charlotte, North Carolina.

102.   On information and belief, defendant Verbatim designs, develops, manufactures, and/or sells flash memory products, including flash USB drives, CompactFlash® memory cards, and media players.

103.   On information and belief, Verbatim has a website, http://www.verbatim.com/index.cfm, which advertises Verbatim's flash memory products.

104.   Verbatim's infringing flash memory products are sold at retail stores in the Western District of Wisconsin, including the Office Max in Madison, Wisconsin.

105.   Verbatim's infringing flash memory products can be, and have been, purchased through the Amazon.com website, and shipped to Madison, Wisconsin.

106.   Advertisements for Verbatim's flash memory products appear in newspapers in the Western District of Wisconsin, indicating that Verbatim's flash memory products may be purchased at the Office Max in Madison, Wisconsin.

107.   This court has personal jurisdiction over defendant Verbatim.

### Transcend

108.   On information and belief, defendant Transcend Information Inc. ("Transcend Information") is a corporation organized under the laws of the Republic of China (Taiwan), with its principal place of business in Taipei, Taiwan.

109.   On information and belief, defendant Transcend Information Inc. ("Transcend California") is a corporation organized under the laws of the State of California, with its principal place of business in Orange, California.

110.     On information and belief, Transcend California is an affiliate of Transcend Information.

111.     On information and belief, defendant Transcend Information Maryland, Inc. ("Transcend Maryland") is a corporation organized under the laws of the State of Maryland, with its principal place of business in Linthicum, Maryland.

112.     On information and belief, defendant Transcend Maryland is a branch office of Transcend California.

113.     On information and belief, defendants Transcend Information, Transcend California, and Transcend Maryland (collectively, "Transcend") design, develop, manufacture, and/or sell flash memory products, including flash USB drives, CompactFlash® and MMC memory cards, and media players.

114.     On information and belief, Transcend has a webpage, http://www.transcendusa.com, which advertises Transcend's flash memory products.

115.     Transcend's webpage also includes an "online store," http://www.transcendusa.com, allowing customers to purchase flash memory products directly from Transcend.

116.     Transcend's infringing flash memory products have been purchased from the Transcend online store, and shipped by Transcend to Madison, Wisconsin.

117.     Transcend's infringing flash memory products can be, and have been, purchased through the Amazon.com website, and shipped to Madison, Wisconsin.

118.     This Court has personal jurisdiction over defendant Transcend.

## A-DATA

119.    On information and belief, defendant A-Data Technology Co., Ltd. ("A-DATA") is a limited company organized under the laws of the Republic of China (Taiwan), with its principal place of business in Chung Ho City, Taipei, Taiwan.

120.    On information and belief, defendant A-Data Technology (USA) Co., Ltd. ("A-DATA USA") is a corporation organized under the laws of the State of California, with its principal place of business in Fremont, California.

121.    On information and belief, A-DATA USA is a wholly-owned subsidiary of A-DATA.

122.    On information and belief, defendants A-DATA, and A-DATA USA (collectively, "A-DATA") design, develop, manufacture, and/or sell flash memory products, including flash USB drives and CompactFlash® and MMC memory cards.

123.    A-DATA has a website, http://www.adata.com.tw/, which advertises A-DATA's flash memory products.

124.    A-DATA's infringing flash memory products can be, and have been, purchased through the Amazon.com website, and shipped to Madison, Wisconsin.

125.    A-DATA's webpage states that A-DATA flash memory products may be purchased from SuperMediaStore.com.  A-DATA's infringing flash memory products can be, and have been, purchased from SuperMediaStore.com, and shipped to Madison, Wisconsin.

126.    TigerDirect.com is a large online store that specializes in selling consumer electronics, including memory products.  According to its webpage, TigerDirect.com is "one of the industry's top computer and computer-product retailers. Our web site has been ranked among the New York Times' "Top 25 Online Retailers" in 2002."  Products may be purchased from

TigerDirect.com via the website, and shipped anywhere in the United States, including the Western District of Wisconsin.

127.    A-DATA's webpage states that the A-DATA flash memory products may be purchased from TigerDirect.com.  A-DATA's infringing flash memory products can be, and have been, purchased from TigerDirect.com, and shipped to Madison, Wisconsin.

128.    This Court has personal jurisdiction over defendant A-DATA.

### Apacer

129.    On information and belief, defendant Acer, Inc. ("Acer") is a corporation organized under the laws of the Republic of China (Taiwan), with its principal place of business in Hsichih City, Taipei, Taiwan.

130.    On information and belief, defendant Apacer Technology Inc. ("Apacer Technology") is a corporation organized under the laws of the Republic of China (Taiwan), with its principal place of business in Hsichih City, Taipei, Taiwan.

131.    On information and belief, defendant Apacer Technology is a 50.11% owned subsidiary of Acer.

132.    On information and belief, defendant Apacer Memory America, Inc. ("Apacer USA") is a corporation organized under the laws of the State of California, with its principal place of business in San Jose, California.

133.    On information and belief, defendant Apacer USA is a wholly-owned subsidiary of Apacer Technology.

134.    On information and belief, defendants Apacer Technology, Apacer USA, and Acer (collectively, "Apacer") design, develop, manufacture, and/or sell flash memory products, including flash USB drives, CompactFlash® and MMC memory cards and media players.

135.   On information and belief, Apacer has a webpage, http://www.apacer.com/en/welcome.htm, which advertises Apacer's flash memory products.

136.   Apacer's infringing flash memory products can be, and have been, purchased through the Amazon.com website, and shipped to Madison, Wisconsin.

137.   This court has personal jurisdiction over defendant Apacer.

### Behavior

138.   On information and belief, defendant Behavior Tech Computer Corp. ("Behavior Taiwan") is a corporation organized under the laws of the Republic of China (Taiwan), with its principal place of business in Hsichih City, Taipei County, Taiwan.

139.   On information and belief, defendant Behavior Tech Computer USA Corp. ("Behavior USA") is a corporation organized under the laws of the State of California, with its principal place of business in Fremont, California.

140.   On information and belief, Behavior USA is a wholly-owned subsidiary of Behavior.

141.   On information and belief Behavior USA also does business as Btc USA.

142.   On information and belief, defendants Behavior Taiwan, and Behavior USA (collectively "Behavior") design, develop, manufacture, and/or sell flash memory products, including flash USB drives and media players, under the brand names BTC and Emprex.

143.   Behavior's infringing flash memory products can be, and have been, purchased through the Amazon.com website, and shipped to Madison, Wisconsin.

144.   Behavior's infringing flash memory products can be, and have been, purchased from Frys.com, and shipped to Madison, Wisconsin.

145.   This court has personal jurisdiction over defendant Behavior.

**Dane-Elec**

146.    On information and belief, defendant Dane-Elec Memory S.A. ("Dane-Elec Memory"), is a corporation organized under the laws of France, with its principal place of business in Bagnolet, France.

147.    On information and belief, defendant Dane-Elec Corp. USA ("Dane-Elec USA") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Irvine, California.

148.    On information and belief, Dane-Elec USA is a wholly-owned subsidiary of Dane-Elec Memory.

149.    On information and belief, Dane-Elec USA does business as Dane-Elec Manufacturing USA.

150.    On information and belief, Dane-Elec Corp USA does business as Intervalle Corp.

151.    On information and belief, defendants Dane-Elec Memory, and Dane-Elec USA (collectively, "Dane-Elec") design, develop, manufacture, distribute, and/or sell flash memory products, including flash USB drives, CompactFlash® and MMC memory cards, and media players.

152.    On information and belief, Dane-Elec has a webpage, http://www.dane-elec.com/, which advertises Dane-Elec's flash memory products.

153.    Dane-Elec's flash memory products are sold at retail stores in the Western District of Wisconsin, including the Target in Madison, Wisconsin.

154.    Dane-Elec's infringing flash memory products players can be, and have been, purchased through the Amazon.com website, and shipped to Madison, Wisconsin.

155.    Advertisements for Dane-Elec's flash memory products appear in newspapers in the Western District of Wisconsin, indicating that Dane-Elec's flash memory products may be purchased at the Target in Madison, Wisconsin.

156.    This court has personal jurisdiction over defendant Dane-Elec.

## THE ACCUSED PRODUCTS

157.    Each of the defendants makes, uses, sells and/or offers to sell, and/or imports into the United States, flash drives, CompactFlash® memory cards, MMC memory cards and/or media players (collectively referred to herein as "flash memory products") and/ or memory controllers used in these flash memory products.[2]

158.    Flash memory products allow users to easily carry and transfer data (such as documents, pictures, or music) from one computer to another.  In addition, flash media players allow users to access a variety of media without the need for a separate computer.  For example, flash media players allow users to play audio or video files.

159.    A flash USB drive is a flash data storage device that includes a Universal Serial Bus (USB) interface.  The USB interface enables the device to communicate, directly or indirectly, with a processor, such as the processor in a host computer system, over a USB bus.

160.    Memory cards are also flash storage devices.  Memory cards come in a variety of formats including: CompactFlash®, CompactFlash® Type I and CompactFlash® Type II (collectively  referred to as "CF"); MultiMedia Card, Reduced Size MMC and MMCmicro

---

[2]SanDisk is not accusing of infringement any Secure Digital ("SD") memory cards or Memory Sticks.  SanDisk is also not accusing of infringement any xD-Picture Cards or other memory cards that do not include a controller.  SanDisk allegations of infringement also do not extend to flash drives, memory cards and/or media players that were sold by a SanDisk licensee to a Respondent to the extent that such sale falls within the scope and terms of the relevant SanDisk license.

(collectively referred to as "MMC"); xD-Picture Card™ ("xD"); Secure Digital™, miniSD™, and microSD™ (collectively referred to as "SD"), and Memory Stick Duo™, Memory Stick PRO Duo™, Memory Stick PRO-HG Duo, and Memory Stick Micro M2 (collectively referred to as "Memory Stick").

161.    Flash media players allow users to play audio or video files.  Typically, the files stored on a flash media player are managed by software operating on a host computer system.  Flash media players store the files in flash memory, and commonly include a USB interface.  For the purposes of reading and transferring files, the host computer system views and treats the flash media player as if it were a USB drive.

162.    Flash memory products, such as the flash drives, memory cards and media players that are the subject of this Complaint, typically consist of one or more flash memory chips, and a controller to operate the flash memory chip(s).  For example, a host computer system may request data from a flash USB drive, memory card or media player.  The controller will receive the request via the USB or other interface, read the data from the flash memory chips, and provide the data to the host via the USB or other interface.  In a flash media player, the host computer system can be a separate computer (such as a user's laptop computer) or another part of the media player (such as a microprocessor in the media player).

## COUNT ONE – INFRINGEMENT OF THE '316 PATENT

163.    On November 21, 2000, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 6,149,316 ("the '316 patent"), "Flash EEPROM System," to Eliyahou Harari, Robert Norman, and Sanjay Mehrotra.  At all relevant times, SanDisk has been the owner, by valid assignment, of all right, title and interest in and to the '316 patent.  A copy of the '316 patent is attached to this Complaint as Exhibit A.

**Phison**

164.    Defendant Phison has infringed and is continuing to infringe one or more claims of the
'316 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or
offering to sell in this country, and/or importing into this country controllers and/or flash
memory products, including flash USB drives, CompactFlash® memory cards and/or MMC
memory cards, in violation of 35 U.S.C. § 271.

165.    Phison controllers are incorporated in flash memory products (such as flash USB drives,
CompactFlash® memory cards, MMC memory cards and/or media players) of at least the
following defendants:  Phison, PNY, Kingston, Verbatim, Apacer, Behavior, and/or Dane-Elec.

166.    A Phison controller in one or more such flash memory products controls and operates
the flash memory chips such that the one or more flash memory products infringe claims of the
'316 patent.

167.    One or more Phison flash memory products include a controller that controls and
operates the flash memory chip(s) such that the one or more flash memory products infringe
claims of the '316 patent.

168.    The one or more infringing Phison flash memory products include a controller of one or
more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

**Silicon Motion**

169.    Defendant Silicon Motion has infringed and is continuing to infringe one or more
claims of the '316 patent, directly, contributorily, and/or by inducement, by making, using,
selling and/or offering to sell in this country, and/or importing into this country controllers
and/or flash memory products, including CompactFlash® memory cards, in violation of 35
U.S.C. § 271.

170.    Silicon Motion controllers are incorporated in flash memory products (such as flash USB drives, CompactFlash® memory cards, MMC memory cards and/or media players) of at least the following defendants:  Silicon Motion, PQI, PNY, Buffalo, A-DATA, and/or Zotek.

171.    A Silicon Motion controller in one or more such flash memory products controls and operates the flash memory chips such that the one or more flash memory products infringe claims of the '316 patent.

172.    A Silicon Motion controller in one or more such flash memory products controls and operates the flash memory chips such that the one or more flash memory products infringe claims of the '316 patent.

173.    The one or more infringing Silicon Motion flash memory products include a controller of one or more of the following defendants: Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

### USBest

174.    Defendant USBest has infringed and is continuing to infringe one or more claims of the '316 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country controllers in violation of 35 U.S.C. § 271.

175.    USBest controllers are incorporated in flash memory products (such as flash USB drives and/or memory cards) of at least the following defendants:  PQI, Verbatim, Transcend, A-DATA, and Behavior.

176.    A USBest controller in one or more such flash memory products controls and operates the flash memory chips such that the one or more flash memory products infringe claims of the '316 patent.

24

**Skymedi**

177.    Defendant Skymedi has infringed and is continuing to infringe one or more claims of the '316 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country controllers in violation of 35 U.S.C. § 271.

178.    Skymedi controllers are incorporated in flash memory products (such as flash USB drives, MMC memory cards and/or media players) of at least the following defendants:  PQI and Kingston.

179.    A Skymedi controller in one or more such flash memory products controls and operates the flash memory chips such that the one or more flash memory products infringe claims of the '316 patent.

**Zotek**

180.    Defendant Zotek has infringed and is continuing to infringe one or more claims of the '316 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country controllers and/or flash memory products, including flash USB drives and/or media players, in violation of 35 U.S.C. § 271.

181.    Zotek controllers are incorporated in flash memory products (such as flash USB drives, MMC memory cards and/or media players) of at least the following defendant:  Zotek, Behavior.

182.    A Zotek controller in one or more such flash memory products controls and operates the flash memory chips such that the one or more flash memory products infringe claims of the '316 patent.

183.    One or more Zotek flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '316 patent.

184.    The one or more infringing Zotek flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

## PQI

185.    Defendant PQI has infringed and is continuing to infringe one or more claims of the '316 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives, CompactFlash® memory cards, MMC memory cards, and/or media players, in violation of 35 U.S.C. § 271.

186.    One or more PQI flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '316 patent.

187.    The one or more infringing PQI flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

## PNY

188.    Defendant PNY has infringed and is continuing to infringe one or more claims of the '316 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives, CompactFlash® memory cards, and/or MMC memory cards, in violation of 35 U.S.C. § 271.

189.    One or more PNY flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '316 patent.

190.    The one or more infringing PNY flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

### Kingston

191.    Defendant Kingston has infringed and is continuing to infringe one or more claims of the '316 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives, CompactFlash® memory cards, MMC memory cards, and/or media players, in violation of 35 U.S.C. § 271.

192.    One or more Kingston flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '316 patent.

193.    The one or more infringing Kingston flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

### Buffalo

194.    Defendant Buffalo has infringed and is continuing to infringe one or more claims of the '316 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives and/or CompactFlash® memory cards, in violation of 35 U.S.C. § 271.

195.    One or more Buffalo flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '316 patent.

196.    The one or more infringing Buffalo flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

## Verbatim

197.    Defendant Verbatim has infringed and is continuing to infringe one or more claims of the '316 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives, CompactFlash® memory cards, and/or media players, in violation of 35 U.S.C. § 271.

198.    One or more Verbatim flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '316 patent.

199.    The one or more infringing Verbatim flash memory products include a controller of one or more of the following:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

## Transcend

200.    Defendant Transcend has infringed and is continuing to infringe one or more claims of the '316 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives, CompactFlash® memory cards, MMC memory cards and/or media players, in violation of 35 U.S.C. § 271.

201.    One or more Transcend flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '316 patent.

202.    The one or more infringing Verbatim flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

### A-DATA

203.    Defendant A-DATA has infringed and is continuing to infringe one or more claims of the '316 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives, CompactFlash® memory cards, MMC memory cards and/or media players, in violation of 35 U.S.C. § 271.

204.    One or more A-DATA flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '316 patent.

205.    The one or more infringing A-DATA flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

### Apacer

206.    Defendant Apacer has infringed and is continuing to infringe one or more claims of the '316 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives, CompactFlash® memory cards, MMC memory cards and/or media players, in violation of 35 U.S.C. § 271.

207.    One or more Apacer flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '316 patent.

208.    The one or more infringing Apacer flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

### Behavior

209.    Defendant Behavior has infringed and is continuing to infringe one or more claims of the '316 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives and/or media players, in violation of 35 U.S.C. § 271.

210.    One or more Behavior flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '316 patent.

211.    The one or more infringing Behavior flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

### Dane-Elec

212.    Defendant Dane-Elec has infringed and is continuing to infringe one or more claims of the '316 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives, CompactFlash® memory cards, MMC memory cards and/or media players, in violation of 35 U.S.C. § 271.

213.    One or more Dane-Elec flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '316 patent.

214.    The one or more infringing Dane-Elec flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

## COUNT TWO – INFRINGEMENT OF THE '842 PATENT

215.    On June 29, 2004, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 6,757,842 ("the '842 patent") to Eliyahou Harari, Robert Norman, and Sanjay Mehrotra.  At all relevant times, SanDisk has been the owner, by valid assignment, of all right, title and interest in and to the '842 patent.  A copy of the '842 patent is attached to this Complaint as Exhibit B.

### Phison

216.    Defendant Phison has infringed and is continuing to infringe one or more claims of the '842 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country controllers and/or flash memory products, including flash USB drives, CompactFlash® memory cards and/or MMC memory cards, in violation of 35 U.S.C. § 271.

217.    Phison controllers are incorporated in flash memory products (such as flash USB drives, CompactFlash® memory cards, MMC memory cards and/or media players) of at least the following defendants:  Phison, PNY, Kingston, Verbatim, Apacer, Behavior, and/or Dane-Elec.

218.    A Phison controller in one or more such flash memory products controls and operates the flash memory chips such that the one or more flash memory products infringe claims of the '842 patent.

219.    One or more Phison flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '842 patent.

220.    The one or more infringing Phison flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek..

### Silicon Motion

221.    Defendant Silicon Motion has infringed and is continuing to infringe one or more claims of the '842 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country controllers and/or flash memory products, including CompactFlash® memory cards, in violation of 35 U.S.C. § 271.

222.    Silicon Motion controllers are incorporated in flash memory products (such as flash USB drives, CompactFlash® memory cards, MMC memory cards and/or media players) of at least the following defendants:  Silicon Motion, PQI, PNY, Buffalo, A-DATA, and/or Zotek.

223.    A Silicon Motion controller in one or more such flash memory products controls and operates the flash memory chips such that the one or more flash memory products infringe claims of the '842 patent.

224.    A Silicon Motion controller in one or more such flash memory products controls and operates the flash memory chips such that the one or more flash memory products infringe claims of the '842 patent.

225.    The one or more infringing Silicon Motion flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

## USBest

226.    Defendant USBest has infringed and is continuing to infringe one or more claims of the '842 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country controllers in violation of 35 U.S.C. § 271.

227.    USBest controllers are incorporated in flash memory products (such as flash USB drives and/or memory cards) of at least the following defendants:  PQI, Verbatim, Transcend, A-DATA, and Behavior.

228.    A USBest controller in one or more such flash memory products controls and operates the flash memory chips such that the one or more flash memory products infringe claims of the '842 patent.

## Skymedi

229.    Defendant Skymedi has infringed and is continuing to infringe one or more claims of the '842 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country controllers in violation of 35 U.S.C. § 271.

230.    Skymedi controllers are incorporated in flash memory products (such as flash USB drives, MMC memory cards and/or media players) of at least the following defendants:  PQI and Kingston.

231.    A Skymedi controller in one or more such flash memory products controls and operates the flash memory chips such that the one or more flash memory products infringe claims of the '842 patent.

## Zotek

232.    Defendant Zotek has infringed and is continuing to infringe one or more claims of the '842 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country controllers and/or flash memory products, including flash USB drives and/or media players, in violation of 35 U.S.C. § 271.

233.    Zotek controllers are incorporated in flash memory products (such as flash USB drives, MMC memory cards and/or media players) of at least the following defendant:  Zotek, Behavior.

234.    A Zotek controller in one or more such flash memory products controls and operates the flash memory chips such that the one or more flash memory products infringe claims of the '842 patent.

235.    One or more Zotek flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '842 patent.

236.    The one or more infringing Zotek flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

## PQI

237.    Defendant PQI has infringed and is continuing to infringe one or more claims of the '842 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or

offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives, CompactFlash® memory cards, MMC memory cards, and/or media players, in violation of 35 U.S.C. § 271.

238.    One or more PQI flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '842 patent.

239.    The one or more infringing PQI flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

**PNY**

240.    Defendant PNY has infringed and is continuing to infringe one or more claims of the '842 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives, CompactFlash® memory cards, and/or MMC memory cards, in violation of 35 U.S.C. § 271.

241.    One or more PNY flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '842 patent.

242.    The one or more infringing PNY flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

**Kingston**

243.    Defendant Kingston has infringed and is continuing to infringe one or more claims of the '842 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products,

including flash USB drives, CompactFlash® memory cards, MMC memory cards, and/or media players, in violation of 35 U.S.C. § 271.

244.    One or more Kingston flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '842 patent.

245.    The one or more infringing Kingston flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

**Buffalo**

246.    Defendant Buffalo has infringed and is continuing to infringe one or more claims of the '842 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives and/or CompactFlash® memory cards, in violation of 35 U.S.C. § 271.  One or more Buffalo flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '842 patent.

247.    The one or more infringing Buffalo flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

**Verbatim**

248.    Defendant Verbatim has infringed and is continuing to infringe one or more claims of the '842 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives, CompactFlash® memory cards, and/or media players, in violation of 35 U.S.C. § 271.

249.    One or more Verbatim flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '842 patent.

250.    The one or more infringing Verbatim flash memory products include a controller of one or more of the following:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

### Transcend

251.    Defendant Transcend has infringed and is continuing to infringe one or more claims of the '842 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives, CompactFlash® memory cards, MMC memory cards and/or media players, in violation of 35 U.S.C. § 271.

252.    One or more Transcend flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '842 patent.

253.    The one or more infringing Verbatim flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

### A-DATA

254.    Defendant A-DATA has infringed and is continuing to infringe one or more claims of the '842 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives, CompactFlash® memory cards, MMC memory cards and/or media players, in violation of 35 U.S.C. § 271.

255.   One or more A-DATA flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '842 patent.

256.   The one or more infringing A-DATA flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

### Apacer

257.   Defendant Apacer has infringed and is continuing to infringe one or more claims of the '842 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives, CompactFlash® memory cards, MMC memory cards and/or media players, in violation of 35 U.S.C. § 271.

258.   One or more Apacer flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '842 patent.

259.   The one or more infringing Apacer flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

### Behavior

260.   Defendant Behavior has infringed and is continuing to infringe one or more claims of the '842 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives and/or media players, in violation of 35 U.S.C. § 271.

261.    One or more Behavior flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '842 patent.

262.    The one or more infringing Behavior flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

### Dane-Elec

263.    Defendant Dane-Elec has infringed and is continuing to infringe one or more claims of the '842 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country flash memory products, including flash USB drives, CompactFlash® memory cards, MMC memory cards and/or media players, in violation of 35 U.S.C. § 271.

264.    One or more Dane-Elec flash memory products include a controller that controls and operates the flash memory chip(s) such that the one or more flash memory products infringe claims of the '842 patent.

265.    The one or more infringing Dane-Elec flash memory products include a controller of one or more of the following defendants:  Phison, Silicon Motion, USBest, Skymedi, and/or Zotek.

### PRAYER FOR RELIEF

Wherefore, SanDisk Corporation prays for judgment that:

### DEFENDANT CONTROLLER COMPANIES

1.    Phison has directly infringed, contributed to the infringement of, and induced infringement of the '316 and '842 patents;

2.      Silicon Motion has directly infringed, contributed to the infringement of, and induced infringement of the '316 and '842 patents;

3.      USBest has directly infringed, contributed to the infringement of, and induced infringement of the '316 and '842 patents;

4.      Skymedi has directly infringed, contributed to the infringement of, and induced infringement of the '316 and '842 patents;

5.      Zotek has directly infringed, contributed to the infringement of, and induced infringement of the '316 and '842 patents;

6.      Preliminary and permanently enjoins each of Phison, Silicon Motion, USBest, Skymedi, and Zotek, their officers, agents, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with any one of them, from infringing the '316 and '842 patents;

7.      Awards SanDisk Corporation damages adequate to compensate for the infringement of Phison, Silicon Motion, USBest, Skymedi, and Zotek of the '316 and '842 patents together with interest and costs;

8.      Awards SanDisk Corporation its attorneys' fees pursuant to 35 U.S.C. § 285; and

9.      Awards such other and further relief as this Court may deem proper.

## DEFENDANT FLASH MEMORY PRODUCT COMPANIES

10.     PQI has directly infringed, contributed to the infringement of, and induced infringement of the '316 and '842 patents;

11.     PNY has directly infringed, contributed to the infringement of, and induced infringement of the '316 and '842 patents;

12.     Kingston has directly infringed, contributed to the infringement of, and induced infringement of the '316 and '842 patents;

13.     Buffalo has directly infringed, contributed to the infringement of, and induced infringement of the '316 and '842 patents;

14.     Verbatim has directly infringed, contributed to the infringement of, and induced infringement of the '316 and '842 patents;

15.     Transcend has directly infringed, contributed to the infringement of, and induced infringement of the '316 and '842 patents;

16.     A-DATA has directly infringed, contributed to the infringement of, and induced infringement of the '316 and '842 patents;

17.     Apacer has directly infringed, contributed to the infringement of, and induced infringement of the '316 and '842 patents;

18.     Behavior has directly infringed, contributed to the infringement of, and induced infringement of the '316 and '842 patents;

19.     Dane-Elec has directly infringed, contributed to the infringement of, and induced infringement of the '316 and '842 patents;

20.     Preliminary and permanently enjoins each of PQI, PNY, Kingston, Buffalo, Verbatim, Transcend, A-DATA, Apacer, Behavior, and Dane-Elec, their officers, agents, servants,

employees, attorneys, successors and assigns, and all others in active concert or participation

with any one of them, from infringing the '316 and '842 patents;

21.     Awards SanDisk Corporation damages adequate to compensate for the infringement of

PQI, PNY, Kingston, Buffalo, Verbatim, Transcend, A-DATA, Apacer, Behavior, and Dane-

Elec of the '316 and '842 patents together with interest and costs;

22.     Awards SanDisk Corporation its attorneys' fees pursuant to 35 U.S.C. § 285; and

23.     Awards such other and further relief as this Court may deem proper.

## REQUEST FOR JURY TRIAL

Plaintiff SanDisk Corporation hereby demands a trial by jury.


DATED this 24th day of October, 2007          RESPECTFULLY SUBMITTED BY

MICHAEL BEST & FRIEDRICH LLP

By: _____
James R. Troupis
Carlo M. Cotrone
Michael A. Hughes
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, WI  53701-1806
Telephone:  (608) 257-3501
Facsimile:  (608) 283-2275

Of Counsel:

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
Ron E. Shulman
Michael A. Ladra
James C. Yoon
Julie M. Holloway
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone:  (650) 493-9300
Facsimile: (650) 493-6811

Attorneys for Plaintiff
SanDisk Corporation