IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SANDISK CORP.,                                              ORDER

                Plaintiff,                         07-cv-605-bbc

      v.

PHISON ELECTRONICS CORP.,
SILICON MOTION TECHNOLOGY
CORP., SILICON MOTION, INC.
(TAIWAN), SILICON MOTION, INC.
(CALIFORNIA), SILICON MOTION
INTERNATIONAL, INC., USBEST TECHNOLOGY,
INC., SKYMEDI CORP., ZOTEK
ELECTRONIC CO., LTD., ZODATA
TECHNOLOGY LTD., POWER QUOTIENT
INTERNATIONAL CO., LTD, PQI CORP.,
KINGSTONTECHNOLOGY CO., INC., KINGSTON
TECHNOLOGY CORP., PAYTON
TECHNOLOGY CORP., MEMOSUN, INC.,
BUFFALO, INC., MELCO HOLDINGS, INC.,
BUFFALO TECHNOLOGY (USA) INC.,
VERBATIM CORP., TRANSCEND
INFORMATION INC. (CALIFORNIA, U.S.A.),
TRANSCEND INFORMATION MARYLAND,
INC., A-DATA TECHNOLOGY CO., LTD.,
A-DATA TECHNOLOGY (USA) CO., LTD.,
APACER TECHNOLOGY, INC., APACER
MEMORY AMERICA, INC., BEHAVIOR
TECH COMPUTER USA CORP.,
DANE-ELEC MEMORY S.A., and DANE-ELEC
CORP., USA,

1

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SANDISK CORP.,                                            ORDER

                   Plaintiff,                             07-cv-607-bbc

               v.

PHISON ELECTRONICS CORP.,
SILICON MOTION TECHNOLOGY
CORP., SILICON MOTION, INC.
(TAIWAN), SILICON MOTION, INC.
(CALIFORNIA), SILICON MOTION
INTERNATIONAL, INC., USBEST TECHNOLOGY,
INC., SKYMEDI CORP., CHIPSBRAND
MICROELECTRONICS (HK) CO. LTD.,
CHIPSBANK TECHNOLOGY (SHENZHEN)
CO., LTD., CHIPSBANK
MICROELECTRONICS CO., LTD., ZOTEK
ELECTRONIC CO., LTD., ZODATA
TECHNOLOGY LTD., POWER QUOTIENT
INTERNATIONAL CO., LTD, PQI CORP.,
KINGSTONTECHNOLOGY CO., INC., KINGSTON
TECHNOLOGY CORP., PAYTON
TECHNOLOGY CORP., MEMOSUN, INC.,
BUFFALO, INC., MELCO HOLDINGS, INC.,
BUFFALO TECHNOLOGY (USA) INC.,
VERBATIM CORP., TRANSCEND
INFORMATION INC. (CALIFORNIA, U.S.A.),
TRANSCEND INFORMATION MARYLAND,
INC., IMATION CORP., IMATION
ENTERPRISES CORP., MEMOREX
PRODUCTS, INC., ADD-ON TECHNOLOGY
CO., A-DATA TECHNOLOGY CO., LTD.,
A-DATA TECHNOLOGY (USA) CO., LTD.,

2

APACER TECHNOLOGY, INC., APACER
MEMORY AMERICA, INC.,
BEHAVIOR TECH COMPUTER USA CORP.,
DANE-ELEC
MEMORY S.A., DANE-ELEC CORP., USA,
LG ELECTRONICS, INC., LG
ELECTRONICS U.S.A., INC.,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff SanDisk Corporation has moved the court to lift the stay imposed in these two cases under 28 U.S.C. § 1659(a) to allow plaintiff to seek the issuance of letters rotatory and, if successful, to effect service of the complaints on defendants in Taiwan. Defendants oppose the motion, arguing that granting it would violate the terms of the stay, as well as the reason for it. Along with its motion for lifting the stay, plaintiff has included a motion for the issuance of the letters and it has filed a separate motion for permission to file a reply brief in support of its motion. I will grant plaintiff's motion to file a reply brief but will deny the other two motions.

      On its face § 1659(a) seems to say that once a stay is imposed on any case under this section, all proceedings in the district court are to come to a halt. This is the reading defendants favor, but plaintiff argues that the statute does not cover ministerial actions, such as the ones it wishes to take. The law on the subject is sparse. The one reported appellate decision on the question holds that § 1659 should not be read as allowing "cumbersome on-

again, off-again stays." In re Princo Corp., 478 F.3d 1345, 1355 (Fed. Cir. 2007), reh'g denied, 486 F.3d 1365, 1368 (Fed. Cir. 2007). As Princo suggests, the point of the stay is to channel the parties' efforts to the body that is addressing the parties' dispute and to insure that two adjudicating bodies are not issuing conflicting rulings on the matter.

In two unreported district court cases, courts have refused to lift the stay to enable them to address a contested matter, such as the discovery dispute at issue in Ansell Healthcare Products v. Tillotson Corp., No. 06-527 JJF, 2008 U.S. Dist. LEXIS 14701 (D. Del. Feb. 26, 2008), and or to allow the parties to take any act that might require the court to rule on a disputed matter, Universal Tool & Stamping Co. v. Ventra Group, Inc., 1:97-cv-418, 1998 U.S. Dist. LEXIS 11541 (N,D. Ind. Jan. 28, 1998).

The primary reason plaintiff asserts for seeking letters rogatory is to improve the likelihood of its collecting any judgment it might obtain against defendants if it prevails on its suits in this court. Without denigrating the importance of that interest, it is one that plaintiff should be able to protect by moving quickly to obtain such letters once the stay is lifted in these cases. At any rate, I am not persuaded that this court has the authority to lift the stay for even allegedly ministerial tasks connected with the litigation.

ORDER

IT IS ORDERED that plaintiff SanDisk Corporation's motion for leave to file a reply

brief is GRANTED; it's motion to lift the stay in these consolidated cases to allow plaintiff to seek the issuance of letters rogatory is DENIED as is its request for issuance of the letters rogatory.

Entered this 17th day of September, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge