# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

SANDISK CORP.,

        Plaintiff,        Case No. 07-C-0605-C

vs.

PHISON ELECTRONICS CORP., et al.,

        Defendants.

SANDISK CORP.,

        Plaintiff,        Case No. 3:07-cv-00607-bbc

vs.

PHISON ELECTRONICS CORP., et al.,

        Defendants.

**DEFENDANT PHISON ELECTRONICS CORP.'S BRIEF IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

## I. INTRODUCTION

Taiwan-based defendant Phison Electronics Corporation ("Phison") should be dismissed from this case because it lacks even the most minimum contacts with the district. Phison conducts no business in Wisconsin and has no sales contacts in Wisconsin. Rather, in the vast majority of cases, other companies purchase Phison's products overseas and import them into the United States for distribution and sales. Once Phison turns over title of its products, it has no influence or control over the final destination of the products. The mere fact that some of

1

Phison's products may be brought to Wisconsin by others is not sufficient contact for Wisconsin courts to assert personal jurisdiction.

Plaintiff SanDisk Corp. ("SanDisk") has failed to meet its burden to show that Phison is subject to personal jurisdiction in Wisconsin under either the state's long-arm statute or due process requirements. Plaintiff is unable to show that Phison has a local presence in Wisconsin either through its website or other business dealings. Phison's website on which Plaintiff appears to rely does not permit customers to purchase products. Rather, it provides information only about its products to everyone, regardless of location. Phison conducts no activity within Wisconsin and is not aware of any of its products being sold in Wisconsin. Moreover, plaintiff's allegations fail to show that an injury occurred in Wisconsin and forces Phison to guess which accused products may incorporate Phison controllers, how those products arrive in Wisconsin, who sells those products and who may have purchased the products. Such guesswork amounts to insufficient notice of the harm Phison has allegedly caused and undermines any stream of commerce theory that plaintiff may argue for specific jurisdiction purposes. Finally, asserting personal jurisdiction in Wisconsin would defy traditional notions of fair play and substantial justice as the burden imposed on Phison far outweighs plaintiff's attenuated reasons for filing a claim in Wisconsin. As a result, Phison respectfully asks the court to dismiss plaintiff's complaint against it for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). In addition, because the court does not have personal jurisdiction over Phison in this District, venue is also improper under 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391. Accordingly, Phison further respectfully asks the court to dismiss plaintiff's complaint against it for improper venue under Fed. R. Civ. P. 12(b)(3).

## II. JURISDICTIONAL FACTS

### A. SanDisk

Plaintiff SanDisk is a Delaware corporation with its principal place of business in Milpitas, California. (Complaint ¶ 1). It is in the business of designing, manufacturing and marketing a wide range of flash storage products including memory cards, USB drives and media players. *Id.* These products include SanDisk's patented flash memory and controller technology. *Id.*

### B. Phison

Defendant Phison Electronics Corp. is a corporation organized under the laws of the Republic of China (Taiwan), with its principal place of business in Jhunan, Miaoli, Taiwan. (Declaration of Ellis Lee, 11/26/2009 ("Lee Decl.") ¶ 2). Phison has no office in Wisconsin or anywhere in the United States. (Lee Decl. ¶ 3). It conducts no business in Wisconsin and no agents of Phison have ever visited Wisconsin in any business capacity. (Lee Decl. ¶¶ 5 & 7). Phison does not sell any products directly to any customer or sales office located in Wisconsin. (Lee Decl. ¶ 4). To the extent that any of Phison products are being sold in Wisconsin, Phison has no direct knowledge or control over those sales. (Lee Decl. ¶ 6). However, Phison does have direct contact with two non-employee sales representatives who are located in California. (Lee Decl. ¶ 8).

Phison designs, develops, and sells flash memory controllers and OEM/ODM flash USB drive, memory card and card reader products. (Complaint ¶ 11). Phison maintains an English language website at http://www.phison.com that advertises its controllers for use in flash memory products, including flash USB drives and CompactFlash® and MMC memory cards, and as an embedded solution in flash memory players. (Lee Decl. ¶ 9). Phison's website is

passive and non-interactive and customers are unable to purchase Phison's products through the website. (Lee Decl. ¶ 10). No product prices are listed on Phison's website. (Lee Decl. ¶ 10). In fact, Phison has never sold any of its products through its website. (Lee Decl. ¶ 10). Phison's website is available to anyone that wishes to view it and contains no content specific to Wisconsin. (Lee Decl. ¶ 11).

In the vast majority of cases, possession and title for Phison's flash memory products are transferred from Phison to its customers in Taiwan.[1] (Lee Decl. ¶ 15). Phison has no distribution contracts, no knowledge of or control over distribution channels of its products and does not know where its products will end up once sold. (Lee Decl. ¶ 12). Phison has not and does not market its products directly to retailers anywhere in Wisconsin. (Lee Decl. ¶ 13). Phison does not collaborate with any of its customers in efforts to market its products to the United States, including Wisconsin specifically. (Lee Decl. ¶ 14).

### C. Instant Action

On October 24, 2007, SanDisk filed a Complaint against Phison in the United States District Court for the Western District of Wisconsin alleging infringement of its U.S. Patent Nos. 6,149,316 and 6,757,842. SanDisk alleges that Phison controllers are incorporated in infringing flash memory products, such as flash drives, CompactFlash® memory cards, MMC memory cards and/or media players and that these products have been sold in Wisconsin. (Complaint ¶ 15). On January 28, 2008, Judge Crabb issued an order consolidating the case with civil action No. 3:07-cv-00607-bbc under Rule 42 of the Federal Rules of Civil Procedure. Pursuant to the

---

[1] In a very small number of cases, amounting to less than 1% of sales transactions, possession and title for Phison's products are transferred from Phison to its customers upon delivery in the United States. Significantly, none of the Phison customers that take title upon delivery within the United States, however, are based or located in Wisconsin. (Lee Decl. ¶ 16). And none of Phison's customers take possession and title to Phison's accused flash memory products in Wisconsin. (Lee Decl. ¶ 17)

4

same Order, both cases were stayed in their entirety, pending completion of International Trade Commission Investigation No. 337-TA-619. On October 28, 2009, The Commission issued an Opinion in the 619 investigation, thus terminating the Investigation.[2] On November 13, 2009, Judge Crabb issued an Order lifting the stay for both cases, except with respect to the '424 patent, which may be subject to appeal. (Doc. No. 237.) In the Order lifting the stay, Judge Crabb set a date of Dec. 3, 2009 for defendants that previously filed a motion to dismiss for lack of personal jurisdiction to update the previously filed motion. (Id.)

### III. LEGAL STANDARDS

Federal courts have personal jurisdiction over non-consenting, nonresident defendants if a court of the state in which that federal court sits would have jurisdiction over the lawsuit. *Langeman Mfg. Ltd. v. Pinnacle W. Enters., Inc.*, 524 F.Supp.2d 1112, 1115 (W.D. Wis. 2007) (citing *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 664 (7th Cir. 1986)). Federal Circuit law governs questions of personal jurisdiction in patent infringement cases. *Id*. "Determining whether a district court can exercise personal jurisdiction over a defendant involves a two-step inquiry." *Id*. (citing *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). First, the court must determine whether the defendant is subject to jurisdiction under the forum state's long-arm statute, which in this case is Wisconsin's statute. *Id.* Wisconsin's long-arm statute, Wis. Stat. § 801.05, provides, in relevant part:

> **801.05 Personal jurisdiction, grounds for generally.** A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any of the following circumstances:
>
> **(1)** LOCAL PRESENCE OR STATUS. In any action whether arising within or without this state, against a defendant who when the action is commenced:
> …

---

[2] The Commission's Opinion is subject to appeal to the Court of Appeals for the Federal Circuit.

(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

. . .

**(4)** LOCAL INJURY; FOREIGN ACT. In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:

(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

(b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

Wisconsin law serves as a guide for application of its long-arm statute, but if no Wisconsin case law is on point, the court considers Federal Circuit case law as persuasive authority. *Langeman,* 524 F.Supp.2d at 1116 (citing *Ricoh Co., Ltd. v. Asustek Computer, Inc.,* 481 F.Supp.2d 954, 958 (W.D. Wis. 2007)). "A court may reasonably infer jurisdictional facts or contacts from other evidence in the record." *LG Elecs., Inc. v. Quanta Computer Inc.*, 520 F.Supp.2d 1061, 1067 (W.D. Wis. 2007).

If jurisdiction under the long-arm statute exists, then under the second part of the two-step inquiry the court must consider whether its exercise satisfies due process requirements. *Langeman*, 524 F.Supp.2d at 1116. This includes an analysis of both general and specific jurisdiction concepts. *Id.* The premise behind each concept is whether the defendant's contacts with the state are such that it should reasonably anticipate being haled into a court in that state. *Id.* In particular, did the defendant "purposefully [avail] itself" of the privilege of conducting activities in the forum state, invoking the benefits and protections of the state's laws? *Id*. at 1118 (citing *Int'l Med. Group, Inc. v. Am. Arbitration Ass'n, Inc*., 312 F.3d 833, 846 (7th Cir. 2002)).

General jurisdiction exists when a party has "continuous and systematic" contacts with the forum state. *Id.* "When general jurisdiction exists, a party may be sued in the forum state on

any matter, even one unrelated to the party's contacts with the state." *Id.* Alternatively, specific jurisdiction requires a nexus between a party's contacts with the forum state and the parties' dispute. *Id.*

In addition to examining a defendant's "purposeful minimum contacts," a due process determination requires courts to consider whether asserting personal jurisdiction against a defendant would comport with the concept of "fair play and substantial justice." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1568 (Fed. Cir. 1994) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 121-22 (1987) (Stevens, J. concurring in part and concurring in the judgment (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 320 (1945))). In other words, even if a court finds the requisite minimum contacts, a court can refuse to assert personal jurisdiction over a defendant if it would be unreasonable under all the facts and circumstances. *Id.*

A motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) requires the plaintiff to carry the burden of establishing minimum contacts. *Langeman*, 524 F.Supp.2d at 1116. Upon this showing, "defendants must prove that the exercise of jurisdiction is unreasonable." *Id.* at 1118. In evaluating whether a plaintiff has satisfied its burden, the court accepts all well-pleaded allegations in the complaint as true, unless controverted by the challenging party's affidavits. *Id.* at 1115. Any conflicts concerning relevant facts are decided in favor of the party asserting jurisdiction. *Id.*

## IV. ANALYSIS

### A. Phison is Not Subject to Personal Jurisdiction under Wisconsin's Long-Arm Statute

As noted above, Wisconsin's long-arm statute allows courts to assert personal jurisdiction over defendants that have a local presence or status in Wisconsin or injure a person within

Wisconsin because of an act or omission that occurred outside Wisconsin. Wis. Stat. §§ 801.05(1)(d) & (4). SanDisk alleges that "Phison has a website which advertises Phison's controllers for use in flash memory products" and that "Phison controllers are incorporated in infringing flash memory products that have been sold in Wisconsin." (Complaint ¶¶ 12, 15). However, neither of these allegations is sufficient to confer personal jurisdiction under Wisconsin's long-arm statute.

First, Phison's website is a passive one and therefore does not subject it to personal jurisdiction under Wis. Stat. § 801.05(1)(d). As noted in *Ricoh*, this provision of Wisconsin's long-arm statute "is similar to the test for general jurisdiction under the due process clause, under which the plaintiff must show that the defendants' contacts are so 'continuous and systematic' that it would be fair to sue the defendant in that state on any matter, even those unrelated to its contacts." *Ricoh*, 481 F.Supp.2d at 962 (citation omitted). This court applied general jurisdiction principles to website maintenance in *Hycite Corp. v. Badbusinessbureau.com*, LLC, 297 F.Supp.2d 1154 (W.D. Wis. 2004). In *Hycite*, the court noted that "courts have concluded repeatedly that the maintenance of a website does not provide a sufficient basis to subject a party to any suit in a particular state." *Id*. at 1161.

As with the website at issue in *Hycite*, Phison's website does not result in substantial sales to Wisconsin residents. In fact, consumers are unable to purchase any products from Phison's website or get product prices from the website.[3] (Lee Decl. ¶ 10). The website is passive and non-interactive, is available to anyone that wishes to view it, and contains no content specific to Wisconsin. (Lee Decl. ¶¶ 10 & 11); *Hycite*, 297 F.Supp.2d at 1161 (a finding that

---

[3] Operation of Phison's website, which lacks pricing information, is also insufficient to constitute an "offer for sale" for the purposes of 35 U.S.C. § 271(a). *See MEMC Elec.Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1376 (Fed. Cir. 2005)(emails without price terms insufficient to demonstrate an offer for sale).

8

defendant uses its website to engage in repeated commercial transactions may support exercise of personal jurisdiction, so long as there is a corresponding finding that the defendant is expressly targeting residents of the forum state and not just making itself accessible to everyone regardless of location). Furthermore, Phison has no office in Wisconsin and conducts no business in Wisconsin, much less repeat business. (Lee Decl. ¶¶ 3 & 5). Thus, there is no basis for personal jurisdiction under Wis. Stat. § 801.05(1)(d).

Similarly, there is no basis for personal jurisdiction under Wis. Stat. § 801.05(4) because to its knowledge, Phison has not caused any injury to plaintiff in Wisconsin. In patent infringement cases, the situs of the injury is the location of the infringing sales. *Beverly Hills Fan.*, 21 F.3d at 1571. Plaintiff's allegations suggest that because Phison controllers are incorporated in infringing flash memory products and because those products are sold in Wisconsin, Phison injured plaintiff in Wisconsin.

However, plaintiff fails to allege which flash memory products were sold in Wisconsin and which products contained Phison controllers. Plaintiff's allegations are vague concerning which Phison controllers are traceable to products sold in Wisconsin. Specifically, paragraph 13 of the Complaint states that the Phison flash memory controllers at issue include "at least the following" and proceeds to list 16 different controllers. In a footnote, plaintiff collapses all the differing flash memory products that might contain Phison's controllers into one group stating that the infringing products could be flash drives, CompactFlash® memory cards, MMC memory cards "and/or" media players. (Complaint ¶ 15, no. 1). Plaintiff forces Phison to guess which of its controllers may be incorporated into which flash memory products, which flash memory products may have been sold in Wisconsin, how many were sold in Wisconsin, and through what channels. By omitting this essential information, plaintiff has failed to give Phison sufficient

9

notice so that it may adequately prepare a defense. *Ricoh*, 481 F.Supp.2d at 959 (although pleading standards under Fed. R. Civ. 8 are liberal, plaintiff must provide notice of its claim so that other side may prepare defense, which in patent infringement cases means at least that plaintiff must tell defendant which products allegedly infringe plaintiff's patent).

From plaintiff's allegations, Phison has no way of knowing which retail or other outlets in Wisconsin have sold flash memory products that might contain Phison's controllers. In fact, Phison does not know where a particular controller will end up once sold. (Lee Decl. ¶ 12). Phison has no office in Wisconsin or anywhere in the United States. It conducts no business in Wisconsin and no agents of Phison have ever visited Wisconsin in any business capacity. (Lee Decl. ¶¶ 3, 5 & 7). Phison does not sell any products directly to any customer or sales office located in Wisconsin. (Lee Decl. ¶ 4). In the vast majority of cases, possession and title of Phison's flash memory products are transferred from Phison to its customers in Taiwan. (Lee Decl. ¶ 15). None of the very small number of Phison's customers that take title upon in delivery in the United States are based or located in Wisconsin. (Lee Decl. ¶ 16). In addition, Phison has not and does not market its products directly to retailers anywhere in Wisconsin. (Lee Decl. ¶ 13). Accordingly, as Phison has absolutely no contact with Wisconsin, Phison could not reasonably expect to cause any injury in Wisconsin.[4]

Moreover, plaintiff does not allege who purchased the infringing products in Wisconsin. If SanDisk suggests that its own agents purchased infringing products in Wisconsin, such purchases are not enough to show injury under the Wisconsin long-arm statute. *Ricoh*, 481 F.Supp.2d at 959 (economic harm to plaintiff does not arise out of defendants' actions when no

---

[4] Phison notes that although SanDisk has accused Phison of both direct and indirect infringement, Phison has conducted no activities in Wisconsin. Accordingly, any possible acts of infringement by Phison, including acts of inducement or contribution, would necessarily occur, if at all, outside of Wisconsin.

10

sale would have been made but for plaintiff's choice to make a purchase). Because plaintiff's allegations are unclear about which allegedly infringing products containing Phison's controllers were sold in Wisconsin, how many were sold, through what channels and who purchased the allegedly infringing products, plaintiff falls far short of meeting its burden under Fed. R. Civ. P. 8 and of showing personal jurisdiction over Phison under Wisconsin's long-arm statute.

### B. Phison is Not Subject to Personal Jurisdiction under the Due Process Requirements

#### 1. General Jurisdiction

Even if the plaintiff satisfies Wisconsin's long-arm statute requirements, plaintiff's allegations fail to show that Phison is subject to personal jurisdiction under a due process analysis. As already noted, a due process analysis includes examination of both general and specific jurisdiction principles. To the extent that plaintiff suggests that Phison's website or other contacts in Wisconsin subject it to general jurisdiction, plaintiff's allegations fail to meet that standard, as discussed in the above section regarding Wis. Stat. § 801.05(1)(d).

#### 2. Specific Jurisdiction

Plaintiff's allegations fail also to meet specific jurisdiction requirements. To meet specific jurisdiction requirements, a plaintiff must show that there are sufficient minimum contacts with the forum state and that the contacts relate to the parties' dispute. *See e.g., LG Elecs.*, 520 F.Supp.2d at 1069; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473-74 (1985). The purpose behind the minimum contacts requirement is to show that the defendant should reasonably anticipate being haled into court in the forum state. See, e.g., *Langeman,* 524 F.Supp.2d at 1119 (foreseeability that is critical to due process analysis is not mere likelihood that a product will find its way into the forum state, but that defendant's conduct and connection with forum state are such that he should reasonably anticipate being haled into court there)(citing

*World-wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).  Plaintiff's allegation that certain flash memory products have been sold in Wisconsin and that those products incorporate Phison's controllers suggest that plaintiff is making at most a stream of commerce argument.  But, simply alleging that products may end up in Wisconsin does not itself satisfy due process.

This Court applied the stream of commerce analysis in *LG Electronics* using the reasoning set forth in *Beverly Hills Fan Co*.  The presence of an established distribution channel "is a significant factor in determining whether jurisdiction may be established" under a stream of commerce theory.  *LG Elecs.*, 520 F.Supp.2d at 1070.  The Court ultimately found that without evidence of an established distribution channel, extending from the manufacturer of the accused device to the point of sale in Wisconsin, the Plaintiff had failed to make a *prima facie* showing of the minimum contacts necessary to establish personal jurisdiction over the defendant.  *Id* at 1072.  SanDisk's allegations against Phison suffer from the same deficiency.

The similarity between the defendant Quanta in *LG Electronics* and Phison is striking: both Quanta and Phison are Taiwanese corporations, neither do business in Wisconsin, neither have any facilities or employees in Wisconsin and neither have ever shipped their products or marketed to Wisconsin consumers.  *LG Elecs.*, 520 F.Supp.2d at  1065.  Despite the lack of ties to Wisconsin, the plaintiff in *LG Electronics* argued that Quanta was subject to personal jurisdiction under the stream of commerce theory because it had two established distribution channels:  one through defendant's incorporation of its DVD drives into Dell notebook computers which are distributed throughout the United States, and the other through plaintiff's counsel's purchase from Wisconsin retailers three notebook computers containing defendant's DVD drives.  *LG Elecs.*, 520 F.Supp.2d at 1065.  These arguments failed to persuade the court

that defendant had established distribution channels subjecting it to personal jurisdiction in Wisconsin. *Id.* The court noted that plaintiff failed to show a Wisconsin termination point and how defendant's products originated and eventually arrived in Wisconsin. *Id.* As a result, the court could not trace the products back to the defendant.

The allegations presented in SanDisk's Complaint similarly fall short of meeting SanDisk's *prima facie* burden, because they fail to demonstrate the existance of an established distribution channel, extending from the manufacturer of the accused device to the point of sale in Wisconsin. SanDisk cannot show how Phison's controllers originated and eventually arrived in Wisconsin. Plaintiff merely submits the bare allegation that some of Phison's controllers are incorporated into a wide array of infringing flash memory products and that those products have been sold in Wisconsin. SanDisk alleges a termination point in Wisconsin, but this is insufficient. Without information regarding how and where the products originated, and how they eventually arrived in Wisconsin, the Court in this case "cannot trace these products back to [the] defendant," as required to establish the existance of an established distribution channel. *Id* at 1071. As in the *LG Electronics* case, Phison's products may pass through many hands before they are finally sold to the consumer in Wisconsin. And Phison has neither knowledge or control over these channels. (Lee Decl. ¶ 12). Without evidence specifically addressing these intermediate actors, SanDisk's allegations are simply insufficient. *LG Electronics* at 1071.

SanDisk's allegations also fail to allege that a sufficient quantity of the accused Phison products have in fact been sold in Wisconsin. This Court has recognized that evidence of the actual number of sales is important in determining whether an established distribution channel exists. Thus, in *LG electronics*, the Court found that the sale of only three notebook computers "does not establish that defendant . . . had a commercial relationship with Wisconsin retailers, let

alone that it had [an] established distribution channel." *Id* at 1071-1072. Similarly, SanDisk here fails to allege whether sales of Phison's accused products in Wisconsin are substantial or *de minimus*.

As noted earlier, SanDisk's allegations provide Phison with no notice of which flash memory products contained which controllers, how those products arrived in Wisconsin, where those products were purchased, how many were purchased, or who purchased them. Phison does not have knowledge of any of its controllers being used or sold in Wisconsin because it does not sell its products directly to customers in Wisconsin or any customer with a Wisconsin office, has not and does not market its products directly to retailers anywhere in Wisconsin, does not have any specific knowledge of where its controllers will end up once sold, and it has no distribution contracts and no control over channels of trade. (Lee Decl. ¶¶ 4, 6 12 & 13). Therefore, it defies all reason that Phison would reasonably anticipate being haled into a Wisconsin court.

Plaintiff cannot show an established distribution channel for Phison's controllers or for any other Phison product. There is no evidence that Phison purposefully established minimum contacts in Wisconsin under either a general or specific jurisdiction analysis. Plaintiff has not met its burden showing that personal jurisdiction is proper under the due process requirements. Therefore, the court should grant Phison's motion to dismiss the case for lack of personal jurisdiction.

### 3. Asserting Personal Jurisdiction Against Phison Would Not Comport With Traditional Notions of Fair Play And Substantial Justice

Even if plaintiff can show that Phison had sufficient minimum contacts with Wisconsin, "these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (citation omitted). In appropriate cases, courts may evaluate: 1) the burden on the

14

defendant; 2) the forum state's interest in adjudicating the dispute; 3) the plaintiff's interest in obtaining convenient and effective relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and 5) the shared interest of the several states in furthering fundamental substantive social policies. *Id*. at 477. According to the Court of Appeals for the Federal Circuit, cases in which courts deny personal jurisdiction despite sufficient minimum contacts "are limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Beverly Hills Fan Co*., 21 F.3d at 1568 (citing *Burger King*, 471 U.S. at 477 (must be "compelling case" of unreasonableness)).

The court in *Beverly Hills Fan Co*. concluded that it was not unreasonable for the plaintiff to seek redress for its patent infringement action in Virginia. 21 F.3d at 1568. The court stated that Virginia's interest in the dispute is significant because it has an interest in discouraging injuries that occur within the state. *Id*. The court in that case found an ongoing relationship between the defendant and a Virginia retailer. *Id.* at 1564. By contrast, there are no ties between Phison and Wisconsin, much less significant ones. Plaintiff's interest and Wisconsin's interest in adjudicating this dispute in Wisconsin are far too attenuated to allow a suit against Phison to go forward in Wisconsin.

Phison does have some contact with its sales representatives in California, so Phison could be subject to personal jurisdiction in that state. Moreover, a suit in California would be less burdensome for both Phison and plaintiff in terms of traveling to a district court in California; plaintiff's principal place of business is in California and it would be easier for Phison employees to fly from Taiwan to California than from Taiwan to Wisconsin. *Id*. at 1569

(burden on defendant not particularly significant because it is not located that far from Virginia). Because plaintiff's interest in litigating this case in Wisconsin is so attenuated and that travel to Wisconsin would be substantially more burdensome for Phison than traveling to California, allowing this case to proceed in Wisconsin would not comport with fair play and substantial justice. Hence, Phison respectfully asks the court to grant its motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

## V. CONCLUSION

For the foregoing reasons, Defendant Phison respectfully requests the dismissal of the Complaint against it for lack of personal jurisdiction.

DATED: December 1, 2009

Respectfully submitted,

By:     s/ Eugenia G. Carter
Attorneys for Defendant Phison Electronics Corp.
Eugenia G. Carter
State Bar No. 1011447
Barbara J. Zabawa
State Bar No.1030917
Whyte Hirschboeck Dudek S.C.
33 East Main Street, Suite 300
Madison, WI 53703-4655
Telephone: 608-255-4440
Fax: 608-258-7138
Email: gcarter@whdlaw.com

David Barkan
Fish & Richardson PC
500 Arguell Street
Redwood City, CA 94063
Telephone: 650-839-5065
Fax: 650-839-5071
Email: barkan@fr.com