IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SanDisk Corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Phison Electronics Corp., et al.<br><br>　　　　　　Defendants. | )<br>)<br>)<br>) Civil Action Nos.:  07-C-0605-C and<br>)　　　　　　　　　　　 07-C-0607-C<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATED PROTECTIVE ORDER**

　　　　Pursuant to Fed. R. Civ. P. 26(c), Plaintiff SanDisk Corporation ("SanDisk") and Defendants Phison Electronics Corp., Kingston Technology Co., Inc., Kingston Technology Corp., MemoSun, Inc., Payton Technology Corp., Silicon Motion Inc. (Taiwan), Silicon Motion International, Inc., Silicon Motion Technology Corp., Silicon Motion, Inc. (California), Apacer Technology, Inc., Apacer Memory America, Inc., Transcend Information Maryland, Inc., Transcend Information, Inc. (California), Transcend Information, Inc. (Taiwan), Skymedi Corp., ITE Technologies Inc. (f/k/a Afa Technology, Inc. f/k/a USBest Technology, Inc.), Chipsbank Microelectronics Co., Ltd., Chipsbank Technology (Shenzhen) Co., Ltd., Chipsbrand Microelectronics (HK) Co., Ltd., A-Data Technology (USA) Co., Ltd., A-Data Technology Co., Ltd., Power Quotient International Co., Ltd., PQI Corp., Dane Elec Corp. USA, Dane-Elec Memory S.A., LG Electronics U.S.A., Inc., LG Electronics, Inc.,., Imation Corp., Imation Enterprises Corp., Memorex Products, Inc., Buffalo Technology (USA), Inc., Buffalo, Inc., Melco Holdings, Inc., Behavior Tech Computer (USA) Corp., Behavior Tech Computer Corp., (collectively, "Defendants"), by their respective counsel, hereby stipulate and agree to the following Protective Order:

　　　　1.　　All documents, materials, items, and/or information that contain or comprise confidential research, development, commercial, or financial information produced or submitted

during the course of this action either by a party or by a non-party to or for either of the parties shall be governed by this Protective Order.

2.  Any information or materials produced by any party or non-party as part of discovery in this action may be designated by such party or non-party as Confidential Business Information under the terms of this Protective Order.

3.  Confidential Business Information

    a.  Definition of "CONFIDENTIAL BUSINESS INFORMATION." A party or non-party shall designate as CONFIDENTIAL BUSINESS INFORMATION those materials which include proprietary technical information, trade secrets, proprietary confidential know-how, or any other confidential information which is of sufficiently sensitive nature that the disclosure of such confidential information is reasonably likely to have the effect of harming the financial or competitive position of the person, partnership, corporation or other organization from which the confidential information is obtained. Absent a specific order by this Court, once designated as "CONFIDENTIAL BUSINESS INFORMATION," such designated information shall be used by the parties solely in connection with this litigation, and not for any business, competitive, legal, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

    b.  All documents produced by any party in U.S. International Trade Commission Investigation No. 337-TA-619 ("the '619 Investigation") and designated as "CONFIDENTIAL BUSINESS INFORMATION" shall be treated as "CONFIDENTIAL BUSINESS INFORMATION" under this Stipulated Protective Order.

    c.  To the extent that documents produced by a non-party in the '619 Investigation are permitted to be used in this case, documents designated as "CONFIDENTIAL BUSINESS INFORMATION" by a non-party shall be treated as

"CONFIDENTIAL BUSINESS INFORMATION" under this Stipulated Protective Order.

4. Documents and things designated as CONFIDENTIAL BUSINESS INFORMATION shall be disclosed only to:

a. Parties' outside counsel of record in this action and regular and temporary employees or other personnel of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation.

b. Subject to the conditions set forth in paragraph 10, experts or consultants retained by the parties for purposes of this litigation, who have each first signed an Undertaking in the form attached as Appendix A, a copy of which shall be provided to the opposing party.

c. The Court and members of the staff of the Court whose functions necessitate access to CONFIDENTIAL BUSINESS INFORMATION.

d. Qualified court reporters, court interpreters, and translators taking testimony in the above-captioned proceeding, and their necessary stenographic, videographic and clerical personnel thereof.

e. Graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action.

f. Jury or trial consultants retained by a party in this action, providing that any such consultant is not an employee of a party nor anticipated to become an employee in the near future and is approved pursuant to paragraph 10.

g. Mock jurors engaged by the parties and/or their consultants in preparation for trial, provided that (i) no party will use any mock juror who is employed in any capacity related to the design or development of flash memory, flash memory controllers, or flash memory devices, including the prosecution of patents in these areas, or who knows any person employed or affiliated with any party to this action; (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Designated Material, and (iii) mock jurors

first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror.

5. Documents and things that constitute or contain Confidential Business Information shall be marked with the following or equivalent legend:

CONFIDENTIAL BUSINESS INFORMATION

Such notation shall be placed on every page of each document designated, or if the entire document is to be treated as CONFIDENTIAL BUSINESS INFORMATION, such notation may be placed on the first page of the document with an indication that the CONFIDENTIAL BUSINESS INFORMATION designation applies to the entire document.

6. When a party produces files and records for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of the initial inspection, all documents within the produced files shall be considered marked as "CONFIDENTIAL BUSINESS INFORMATION," regardless of whether they are already so marked. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents with the appropriate confidentiality marking at the time that the copies are produced to the inspecting party.

7. Deposition transcripts shall be marked as CONFIDENTIAL BUSINESS INFORMATION until fifteen (15) days after receipt of the deposition transcript by counsel for the witness. After said fifteen-day period expires, the deposition transcript will be deemed CONFIDENTIAL BUSINESS INFORMATION only if: (a) counsel marks the deposition transcript CONFIDENTIAL BUSINESS INFORMATION at the deposition and on the record; or (b) before the fifteen (15) days have expired, the witness, his employer, or his counsel informs the deposing party in writing that CONFIDENTIAL BUSINESS INFORMATION of the witness or his employer is revealed in the transcript, and identifies in writing the portions of the transcript that disclose information that should be designated as CONFIDENTIAL BUSINESS

INFORMATION. With respect to depositions of non-party witnesses and documents produced by a non-party, either SanDisk, Defendants, or the non-party may designate information or documents as CONFIDENTIAL BUSINESS INFORMATION, within fifteen (15) days of receipt of the deposition transcript or upon production of documents by its counsel. Upon receipt of such notices, each party and non-party shall mark all copies of the deposition transcript or documents within its possession or control by placing the appropriate designation upon the cover of the transcript or on every page of the documents produced by the non-party, however, failure to so mark transcript copies or documents shall not alone be an actionable violation of this Order.

      8.      Information designated as CONFIDENTIAL BUSINESS INFORMATION shall be used only by persons permitted access to it pursuant to paragraph 4 and shall be used solely for purposes of this consolidated action and for no other purpose whatsoever, unless express permission is granted by the producing party or allowed by the Court.

      9.      A party desiring to have information designated as CONFIDENTIAL BUSINESS INFORMATION of another party disclosed to officers, directors, legal advisors, and/or employees to the extent necessary to assist outside counsel in preparation of this case or evaluate the merits of the case and assess settlement options shall first give written notice to all parties by electronic mail and regular mail. The other parties shall have five (5) business days after receipt of written notice to object in writing to such designated person's access to CONFIDENTIAL BUSINESS INFORMATION materials or information. A party objecting to disclosure of information designated as CONFIDENTIAL BUSINESS INFORMATION to the designated person shall state with particularity: (i) the ground(s) of such objection; and (ii) the categories of documents that the producing party objects to being disclosed to the designated person during the foregoing notice. If after consideration of the objection, the party desiring to disclose information designated as CONFIDENTIAL BUSINESS INFORMATION to the designated person refuses to withdraw such person, that party shall provide notice to the objecting party within five (5) business days of receiving the objection; thereafter, the objecting party shall move

the Court for a ruling on such objection within five (5) business days of receiving such notice. A failure to request a ruling within the five (5) business-day period shall operate as an approval.

      10.    A party desiring to have information designated as CONFIDENTIAL BUSINESS INFORMATION of another party disclosed to an expert or consultant shall first give written notice to all parties by electronic mail and regular mail, who shall have five (5) business days after such notice is given to object in writing or to request in writing an additional five (5) business days to consider the matter. The party desiring to disclose information designated as CONFIDENTIAL BUSINESS INFORMATION to a proposed expert or consultant shall provide the curriculum vitae of the proposed expert or consultant and shall include his or her educational and detailed employment history, any previous or current relationships that involve the design or development of any processes or products made or used by the parties, and a list of all actions in which the proposed expert or consultant has provided a report and/or testimony, by deposition or in court.

      No information designated as CONFIDENTIAL BUSINESS INFORMATION shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice. A party objecting to disclosure of information designated as CONFIDENTIAL BUSINESS INFORMATION to the proposed expert or consultant shall state with particularity: (i) the ground(s) of such objection; and (ii) the categories of documents that the producing party objects to being disclosed to the expert or consultant during the foregoing notice. If after consideration of the objection, the party desiring to disclose information designated as CONFIDENTIAL BUSINESS INFORMATION to a proposed expert or consultant refuses to withdraw such an expert or consultant, that party shall provide notice to the objecting party within five (5) business days of receiving the objection; thereafter, the objecting party shall move the Court for a ruling on such objection within five (5) business days of receiving such notice. A failure to request a ruling within the five (5) business-day period shall operate as an approval.

      11.    Notwithstanding the requirements of paragraph 10 above, a party desiring to have information designated as CONFIDENTIAL BUSINESS INFORMATION disclosed to an

expert or consultant previously approved for access to such information in the '619 Investigation need *only* (a) disclose the identity of such expert or consultant, and (b) provide a signed Undertaking by such expert or consultant in the form attached as Appendix A, before the party may disclose CONFIDENTIAL BUSINESS INFORMATION to that expert or consultant. Notwithstanding the provisions of this paragraph, no CONFIDENTIAL BUSINESS INFORMATION of Defendants Melco Holdings, Inc., Buffalo Inc., and Buffalo Technology (USA), Inc., (collectively, "Buffalo") will be disclosed to any expert or consultant without complying with the requirements of Paragraph 10. Buffalo's participation in the '619 Investigation ended prior to the disclosure of any CONFIDENTIAL BUSINESS INFORMATION of Buffalo, and thus, Buffalo has not had the opportunity to object to the disclosure of its information to any expert or consultant.

   12. If a party desires to file a document containing information designated as CONFIDENTIAL BUSINESS INFORMATION, the filing party shall seek permission from the Court to file such document under seal. Such document shall contain one of the following notations:

[FILED UNDER SEAL]

or

CONTAINS
CONFIDENTIAL BUSINESS INFORMATION
SUBJECT TO PROTECTIVE ORDER

   13. Should the need arise during the trial or any hearing in open Court for SanDisk or Defendants to cause information designated as CONFIDENTIAL BUSINESS INFORMATION of another party to be disclosed, it may do so only after appropriate *in camera* or other safeguards are requested of the Court; such as closing the courtroom or the exclusion of persons not subject to protective orders.

   14. If information designated as CONFIDENTIAL BUSINESS INFORMATION is to be the subject of examination in deposition of non-party witnesses not previously entitled to

access thereto under paragraphs 4, the following procedures shall apply. Information designated as CONFIDENTIAL BUSINESS INFORMATION shall not be provided to any such person without the producing party's consent during a deposition on the record or without permission by the Court. The party seeking to use the information designated as CONFIDENTIAL BUSINESS INFORMATION during a deposition shall obtain an Undertaking from the witness in the form attached as Appendix A. Neither consent nor an Undertaking is required if the witness is a current employee. Furthermore, neither consent nor an Undertaking is required if the face of the document indicates that it was written or received by the witness, or if the witness is a former employee or consultant of the producing party and the document designated as CONFIDENTIAL BUSINESS INFORMATION was created during the course of his or her employment or consultancy.

15. A party may challenge another party's designation of information or materials produced herein as "CONFIDENTIAL BUSINESS INFORMATION" by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation within five (5) business days after receiving any written objection. To the extent the parties are unable to reach an agreement as to the designation, the challenging party may make an appropriate application to this Court within five (5) business days of receiving notice of the bases for the asserted designation. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated by the producing party as "Confidential Business Information."

16. The inadvertent or unintentional disclosure by the producing party of information that is CONFIDENTIAL BUSINESS INFORMATION either by way of document production or deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Any such inadvertently or unintentionally disclosed

information that is CONFIDENTIAL BUSINESS INFORMATION, not designated as such pursuant to paragraphs 5 to 7, shall be designated as CONFIDENTIAL BUSINESS INFORMATION as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure. Should any information that is CONFIDENTIAL BUSINESS INFORMATION be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order; and the disclosing party shall (a) promptly inform such person of all the provisions of this Order; (b) identify such person and the information disclosed immediately to the party that designated the document as CONFIDENTIAL BUSINESS INFORMATION; (c) request such person to sign an Undertaking in the form of Appendix A hereto, and (d) retrieve all copies of documents containing the inadvertently disclosed information. The executed Undertaking shall be served promptly upon the party designating the document or information as CONFIDENTIAL BUSINESS INFORMATION.

      17.     In the event that a producing party inadvertently produces a document that otherwise is not discoverable for reasons of the attorney-client privilege or work product immunity, or both, such inadvertent production shall not constitute any waiver of attorney-client privilege or work product immunity and all copies of such inadvertently produced documents shall promptly be returned by the requesting party to the producing party on demand. Making things available for inspection shall not, by itself, constitute a waiver by the producing party of any claim of confidentiality or any other right, but delivery of documents and things to a receiving party without any of the confidential designations shall constitute waiver of any claim of confidentiality, except where such delivery resulted from inadvertence or mistake on the part of the producing party and such inadvertence or mistaken delivery is thereafter promptly brought to the attention of the receiving party after discovery by the producing party. Upon such notice, the receiving party shall return said documents and things and not retain copies thereof, and shall

thereafter treat information contained in said documents and any summaries or notes thereof as confidential to the level designated by the producing party.

  18. In the event any person or party having possession, custody or control of any information designated as CONFIDENTIAL BUSINESS INFORMATION receives a *subpoena* or other process or order to produce such information in another proceeding, such person or party shall notify in writing the producing party's attorneys of record of the documents sought by such *subpoena* or other process or order, shall furnish those attorneys of record with a copy of said *subpoena* or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the producing party. The party asserting the confidential business information treatment shall have the burden of defending against such *subpoena*, process or order. The person or party receiving the *subpoena* or other process or order shall be entitled to comply with it except to the extent the party asserting the confidential treatment has sought to obtain an order modifying or quashing it.

  19. Within 90 days after conclusion of the above-captioned action, all copies of documents and things containing information designated as CONFIDENTIAL BUSINESS INFORMATION shall be returned to the producing party or shall be destroyed, with the exception of attorney work product, deposition exhibits, transcripts, Court exhibits and transcripts, and documents and information included in submissions to the Court that may be retained by outside counsel of record who have appeared in this action for SanDisk or Defendants. Notwithstanding this provision, outside counsel who have appeared for SanDisk or Defendants are not required to delete information that may reside on their respective firm's electronic back-up systems which are over-written in the normal course of business. However, the outside counsel who have appeared for SanDisk or Defendants agree that no CONFIDENTIAL BUSINESS INFORMATION information shall be retrieved from the electronic back-up systems after the conclusion of the above-captioned actions. Counsel for any party receiving documents or things designated as CONFIDENTIAL BUSINESS INFORMATION shall make written certification of compliance with this provision regarding

10

return or destruction and shall deliver the same to counsel for the producing party within ninety (90) days after conclusion of the above-captioned action.

20. This Protective Order shall survive the termination of this litigation.

21. A party may, on motion and for good cause shown, seek a modification of this Protective Order.

Case: 3:07-cv-00605-bbc Document #: 395 Filed: 12/11/2009 Page 11 of 16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| SanDisk Corporation,                )<br>                                                      )<br>                    Plaintiff,            )<br>                                                      )     Civil Action Nos.:  07-C-0605-C and<br>        v.                                          )                                    07-C-0607-C<br>                                                      )<br>Phison Electronics Corp., et al.      )<br>                                                      )<br>                    Defendants.       )<br>                                                      ) | |

### **APPENDIX A – UNDERTAKING RE PROTECTIVE ORDER**

     I, _____, declare that:

1.    My address is _____.

My current employer is _____. My current occupation is _____.

2.    I have received a copy of the Protective Order in this action I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as CONFIDENTIAL BUSINESS INFORMATION that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as CONFIDENTIAL BUSINESS INFORMATION hat came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

     I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____ Date: _____

Dated: December 11, 2009

| **BEHAVIOR TECH COMPUTER CORP. and BEHAVIOR TECH COMPUTER (USA) CORP**. | **KINGSTON TECHNOLOGY CO., INC., KINGSTON TECHNOLOGY CORP., PAYTON TECHNOLOGY CORP., PHISON ELECTRONICS CORP., and MEMOSUN, INC.** |
|---|---|
| ___/s/ Eugenia G. Carter_____<br>Eugenia G. Carter<br>Anthony J. Sievert<br>WHYTE HIRSCHBOECK DUDEK S.C.<br>33 East Main Street, Suite 300<br>Madison, WI 53703-4655<br>Tel: 608-255-4440   Fax: 608-258-7138<br>Email: gcarter@whdlaw.com<br><br>Alfredo Bismonte<br>Ron C. Finley<br>Justin T. Beck<br>Jeremy M. Duggan<br>BECK, ROSS, BISMONTE, & FINLEY, LLP<br>Fairmont Plaza<br>50 West San Fernando Street, Suite 1300<br>San Jose, CA 95113<br>Tel: (408) 938-7900   Fax: (408) 938-0790<br>EMAIL: abismonte@beckross.com;<br>rfinley@beckross.com;<br>jbeck@beckross.com;<br>jduggan@beckross.com | ___/s/ Eugenia G. Carter_____<br>Eugenia G. Carter<br>Anthony J. Sievert<br>WHYTE HIRSCHBOECK DUDEK S.C.<br>33 East Main Street, Suite 300<br>Madison, WI 53703-4655<br>Tel:: (608) 255-4440   Fax: (608) 258-7138<br>Email: gcarter@whdlaw.com<br><br>David M. Barkan<br>Thomas B. Manuel<br>FISH & RICHARDSON PC<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>Tel: (650) 839-5065   Fax: (650) 839-5071<br>Email: barkan@fr.com; manuel@fr.com |
| **A-DATA TECHNOLOGY CO., LTD., A-DATA TECHNOLOGY. (USA) LTD.; CHIPSBRAND MICROELECTRONICS (HK) CO., LTD., SHENZHEN CHIPSBANK TECHNOLOGIES CO., LTD., SHENZHEN CHIPSBANK MICROELECTRONICS CO., LTD.; SKYMEDI CORPORATION; POWER QUOTIENT INTERNATIONAL CO., LTD., PQI CORP. and ITE TECHNOLOGIES INC. (f/k/a AFA TECH f/k/a USBEST) .** | **APACER TECHNOLOGY, INC. and APACER MEMORY AMERICA, INC.** |
| ___/s/ Maureen F. Browne_____<br>Maureen F. Browne<br>COVINGTON & BURLING, LLP<br>1201 Pennsylvania Ave., N.W.<br>Washington, DC 20004-2401 | ___/s/ Christopher A. Brown_____<br>Christopher A. Brown<br>WOODARD, EMHARDT, MORIARTY, McNETT, & HENRY LLP<br>111 Monument Circle, Suite 3700 |

13

| | |
|---|---|
| Tel: (202) 662-6000   Fax: (202) 662-6291<br>Email: Mbrowne@Cov.Com<br><br>Catherine Cetrangolo<br>BOARDMAN LAW FIRM<br>One South Pinckney Street, Fourth Floor<br>Madison, WI 53701-0927<br>Tel: (608) 283-1703   Fax: (608) 283-1709<br>Email:<br>(Ccetrangolo@Boardmanlawfirm.Com) | Indianapolis, IN 46204-5137<br>Tel: (317)634-3456   Fax: (317)637-7561<br>Email: cabrown@uspatent.com<br><br>Jane Schlicht<br>COOK & FRANKE S.C.<br>600 E. Mason Street<br>Milwaukee, WI 53202<br>Tel: (414) 271-5900   Fax: (414) 271-2002<br>Email: schlicht@cf-law.com |
| **IMATION CORP., IMATION ENTERPRISES CORP. and MEMOREX PRODUCTS, INC.**<br><br>     /s/ Lester A. Pines<br>Lester A. Pines<br>CULLEN WESTON PINES & BACH LLP<br>122 West Washington Avenue, Suite 900<br>Madison, Wisconsin 53703<br>Tel: (608) 251-0101   Fax:(608) 251-2883<br>Email: pines@cwpb.com<br><br>Ronald J. Schutz<br>Richard M. Martinez<br>Mathew J. Yang<br>ROBINS, KAPLAN, MILLER & CIRESI L.L.P.<br>2800 La Salle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN 55402-2015<br>Tel: (612) 349-8500   Fax: (612) 339-4181<br>Email**:** rjschutz@rkmc.com;<br>rmmartinez@rkmc.com;<br>aslaughter@rkmc.com | **LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC.**<br><br>   /s/ Jane C. Schlicht<br>Jane Schlicht<br>COOK & FRANKE S.C.<br>600 E. Mason Street<br>Milwaukee, WI 53202<br>Tel: (414) 271-5900   Fax: (414) 271-2002<br>Email: schlicht@cf-law.com<br><br>Peter Kang<br>Duy Nguyen<br>SIDLEY AUSTIN LLP<br>555 California Street, Suite 2000<br>San Francisco, California  94104-1522<br>Tel: (415) 772-1200   Fax: (415) 772-7400<br>Email: pkang@sidley.com;<br>ddnguyen@sidley.com<br><br>Theodore W. Chandler<br>SIDLEY AUSTIN LLP<br>555 West Fifth St., Suite 4000<br>Los Angeles, CA 90013<br>Tel: (213) 896-5830   Fax: (213) 896-6600<br>Email: tchandler@sidley.com<br><br>Brian B. Koo<br>SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br>Tel: (202) 736-8000   Fax: (202) 736-8711<br>email: bkoo@sidley.com |

| | |
|---|---|
| **MELCO HOLDINGS, INC., BUFFALO, INC., and BUFFALO TECHNOLOGY (USA), INC.**<br><br>/s/ Valerie L. Bailey-Rihn<br>Valerie L. Bailey-Rihn<br>Josephine K. Benkers<br>Andrew M. Norman<br>QUARLES & BRADY LLP<br>33 East Main STREET, Suite 900<br>Madison, WI 53703<br>Tel: (608) 251-5000   Fax: (608) 251-9166<br>Email: val.bailey@quarles.com<br><br>Richard D. Kelly<br>Robert C. Mattson<br>Takahiro Miura<br>Frank J. West<br>OBLON, SPIVAK, MCCLELLAND, MAIER & NEUSTADT, L.L.P.<br>1940 Duke Street<br>Alexandria, VA 22314<br>Tel: (703) 413-3000   Fax: (703) 413-2220<br>Email: rkelly@oblon.com;<br>rmattson@oblon.com; tmiura@oblon.com;<br>fwest@oblon.com | **TRANSCEND INFORMATION INC. (TAIWAN), TRANSCEND INFORMATION INC. (CALIFORNIA), TRANSCEND INFORMATION MARYLAND INC., SILICON MOTION INC. (TAIWAN), SILICON MOTION, INC. (CALIFORNIA), SILICON MOTION TECHNOLOGY CORP., and SILICON MOTION INTERNATIONAL, INC.**<br><br>/s/ Michael J. Bettinger<br>Michael J. Bettinger<br>Chien-Wei Chou<br>Elaine Y. Chow<br>Deirdre M. Digrande<br>K&L Gates LLP<br>4 Embarcadero Center, Suite 1200<br>San Francisco, CA  94111<br>Telephone: (415) 882-8200<br>Facsimile: (415) 882-8220<br>Email:  mike.bettinger@klgates.com;<br>chris.chou@klgates.com;<br>elaine.chow@klgates.com;<br>deirdre.digrande@klgates.com<br><br>Jane Schlicht<br>COOK & FRANKE S.C.<br>600 E. Mason Street<br>Milwaukee, WI 53202<br>Tel: (414) 271-5900<br>Fax: (414) 271-2002<br>Email:  schlicht@cf-law.com |
| **DANE-ELEC CORP. USA**<br><br>/s/ Jeffrey G. Jacobs<br>Jeffrey G. Jacobs<br>DANE-ELEC CORP. USA<br>Irvine, Suite 100<br>Irvine, CA 92618<br>Tel: (949) 450-2968   Fax: (949) 450-9368<br>Email: jeffj@dane-memory.com | |

DATE: December 11, 2009

By:    /s/ Allen A. Arntsen
Allen A. Arntsen (WBN 1015038)
Jeffrey A. Simmons (WBN 1031984)
**FOLEY & LARDNER LLP**
150 E. Gilman Street
Madison, WI 53703-1481
P.O. Box 1497
Madison, WI 53701-1497
Telephone: (608) 257-5035
Facsimile: (608) 258-4258

Of Counsel:

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
Ron E. Shulman
Michael A. Ladra
James C. Yoon
Julie M. Holloway
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

*Attorneys for Plaintiff SanDisk Corporation*

16