IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SANDISK CORP.,                                         ORDER

                Plaintiff,                 07-cv-605-bbc

      v.

ZOTEK ELECTRONIC CO., LTD.,
ZODATA TECHNOLOGY LTD.,
KINGSTON TECHNOLOGY CO., INC.,
KINGSTON TECHNOLOGY CORP.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SANDISK CORP.,                                         ORDER

                Plaintiff,                 07-cv-607-bbc

      v.

ZOTEK ELECTRONIC CO., LTD.,
ZODATA TECHNOLOGY LTD.,
KINGSTON TECHNOLOGY CO., INC.,
KINGSTON TECHNOLOGY CORP.,
IMATION CORP., IMATION ENTERPRISES
CORP., MEMOREX PRODUCTS, INC.,
ADD-ON TECHNOLOGY CO.,

                Defendants.

1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In these two patent infringement suits involving a group of patents related to flash memory, the parties have requested construction of fifteen claim terms.[1]  The parties have explained persuasively how construction of thirteen of those terms relate to disputed issues concerning infringement or invalidity, so I will grant their motions requesting construction of those terms.  They are:

1.    Terms found in United States Patents Nos. 6,149,316; 6,757,842; and 5,719,808:

     a.    "sector";

     b.    "operating individual blocks of memory cells with non-overlapping portions thereof storing at least user data and overhead information";

     c.    "linking the address of such unusable blocks with addresses of other blocks that are usable";

     d.    "addresses of the individual blocks" and "addresses of the individual sectors";

     e.    "an address in a format designating at least one mass memory storage block" and "a mass memory storage block address";

     f.    "an array of EEPROM cells"; and

     g.    "designating a combinations of a plurality of but less than all of said

---

[1] Defendants mention a sixteenth term, "said units," but acknowledge that the parties have reached an agreement on the meaning of that term, so it is not necessary to construe it.

2

multiple sectors to be erased."

2.    Terms found in United States Patent No. 6426,893 (the '893 patent):

    a.    "individual ones of the redundancy codes being appended to ends of the user data from which they are generated"; and

    b.    "information of the characteristics of said first group of blocks."

3.    Terms found in United States Patent No. 6,763,424 (the '424 patent):

    a.    "recording a relative time of programming the at least one page of new data and the at least one page of superseded data";

    b.    "programming individual ones of a first plurality of said given number of pages in each of at least a first block with original data and a logical page address associated with the original data";

    c.    "programming individual ones of a second plurality of a total number of pages less than said given number in a second block with updated data and a logical page address associated with the updated"; and

    d.    "reading and assembling data from the first and second plurality of pages."

For the remaining two terms, neither party describes how their disagreements about the meaning of those terms relate to any dispute regarding infringement or invalidity. The terms are: (1) "moving data in a stream from one of the given number of sectors of user data in the buffer at a time to a respective one of a given number of storage registers at a time" (from the '893 patent); and (2) "identifying the at least one page of superseded data and the at least one page of new data by a common logical address" (from the '424 patent). Both

3

parties describe their dispute purely in terms of their disagreements about the meanings of the terms themselves without giving any clue to how their disagreements might relate to their positions on infringement or invalidity. The court will not construe terms that may not even relate to the parties' claims or counterclaims. Therefore, with respect to those terms, the parties' motions requesting claims construction will be denied. (This does not mean that the parties will never have a chance to resolve their disputes related to these terms. They may argue about the meaning of these terms when they file their motions for summary judgment. If they can show then that construction is necessary to resolve their invalidity or infringement disputes, the terms will be construed then.)

The only question remaining is whether a hearing would assist the court in resolving the claim terms to be construed. The case involves complex technology and resolving the parties' disputes will involve deciding the meaning of thirteen different claim terms across five different patents involving three different specifications. Under these circumstances, a hearing is appropriate. At the hearing, the parties should be prepared to provide some background on flash memory technology, but should focus on sharpening the disputes that arise through their supporting and opposing briefs.

4

ORDER

IT IS ORDERED that

1.  The motion requesting construction of claim terms, dkt. #535, is DENIED with respect to the terms (1) "moving data in a stream from one of the given number of sectors of user data in the buffer at a time to a respective one of a given number of storage registers at a time" (from United States Patent No. 6,426,893); and (2) "identifying the at least one page of superseded data and the at least one page of new data by a common logical address" (from United States Patent No. 6,763,424), and GRANTED with respect to the remaining thirteen terms.

2.  A hearing on claims construction of those thirteen terms will be held at 9:00 am on Friday, July 23, 2010.  Each side will have 90 minutes to present its argument or offer testimony in support of its proposed constructions.

Entered this 28th day of June, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

5