IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SANDISK CORP.,                                                          ORDER

                Plaintiff,                               07-cv-605-bbc

      v.

KINGSTON TECHNOLOGY CO., INC. and
and KINGSTON TECHNOLOGY CORP.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SANDISK CORP.,                                                          ORDER

                Plaintiff,                               07-cv-607-bbc

      v.

KINGSTON TECHNOLOGY CO., INC. and
KINGSTON TECHNOLOGY CORP.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendants have written the court to say that the parties remain uncertain whether

the order addressing the parties' motions for summary judgment resolved the question

whether plaintiff may pursue a claim that defendants' products containing Skymedi

controllers infringe claims 20, 24, 28 and 30 of United States Patent No. 6,763,424.  After

reviewing the order, I conclude that I did not directly address this point and will do so now

1

and amend the order accordingly.

Plaintiff contends that the Skymedi controllers' use of a Page ID in conjunction with a logical block number is equivalent to the requirement in claim 20 of the '424 patent that the controller program a logical page address.   However, plaintiff's actual evidence of equivalence is limited to its expert's assertion that

> storing the value of a counter which begins at 0 and increments (by exactly one) for each page, is insubstantially different from programming a logical page offset derived from the LBA received from the host. The two are interchangeable and, thus, equivalent. Indeed, the PID performs substantially the same function (identifying the page location with a block), in substantially the same way (writing it in the overhead region associated with a sector), to achieve substantially the same result (having overhead region of a sector determine the page location with a block).

Rhyne Expert Rpt., dkt. #743-1 at 34.  As defendants point out, there is no evidence that the incrementation that occurs is used to identify the page location within a block.  (Rhyne's say-so does not count as evidence.)  The only evidence in the record describing the function the Page ID actually serves is Johnson Huang's statement that the Page ID is used to determine whether a page is a used page or a free page.  Plaintiff's response is to point out that the logical page offset is identical to the physical page offset and the two are derived from the exact same formula.  This is irrelevant.  The fact that the two are numerically identical and derived from the same formula does not support a finding that the incrementation that occurs in the Page ID is used to identify a page location within a block. In short, no reasonable jury could find that the controllers' use of the Page ID and Logical Block number is equivalent to programming a logical page address.  Therefore, defendant's motion for summary judgment will be granted with respect to plaintiff's claim that products

containing Skymedi controllers infringe claims 20, 24, 28 and 30 of the '424 patent.

ORDER

IT IS ORDERED that the motion for clarification filed by defendants Kingston Technology Co., Inc. and Kingston Technology Corp., dkt. #1064, is GRANTED.  The order granting defendants' motion for summary judgment dated February 15, 2011, is AMENDED to include the following: "Defendants' motion for summary judgment is granted with respect to plaintiff's claim that products containing Skymedi controllers infringe claims 20, 24, 28 and 30 of United States Patent No. 6,763,424 under the doctrine of equivalents."

Entered this 17th day of February, 2011.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge